**2023-2163, 2023-2164**

═══════════════════════════════════

In The

# United States Court of Appeals
# for the Federal Circuit

─────────────

GUIZHOU TYRE CO., LTD. CO., LTD., GUIZHOU TYRE
IMPORT AND EXPORT CO., LTD., AEOLUS TYRE CO., LTD.,

*Plaintiffs Appellants,*

QINGDAO FREE TRADE ZONE FULL-WORLD INTERNATIONAL
TRADING CO., LTD., XUZHOU XUGONG TYRES CO., LTD.,
TRELLEBORG WHEEL SYSTEMS (XINGTAI) CO., LTD., QINGDAO
QIHANG TYRE CO., LTD., WEIHAI ZHONGWEI RUBBER CO., LTD.,

*Plaintiffs,*

v.

UNITED STATES,

*Defendant-Appellee.*

─────────────

Appeal from the United States Court of International Trade in
Case No. 17-cv-00100, Judge Timothy C. Stanceu

─────────────

## MOTION TO WAIVE REQUIREMENT FOR COMBINED BRIEF OR, ALTERNATIVELY, TO SEVER CONSOLIDATED CASES, AND FOR 14-DAY EXTENSION OF TIME TO FILE COMPLIANT BRIEF

Plaintiffs-Appellants Guizhou Tyre Co., Ltd. and Guizhou Tyre

Import and Export Co., Ltd., (collectively, "Guizhou") and Aeolus Tyre Co.,

Ltd. ("Aeolus") respectfully request that this Court waive the requirement of

Fed. Cir. R. 28(i)(2) that they file a combined brief, and instead allow each

Plaintiff-Appellant to file its own company-specific brief. Alternatively, we

request that this Court sever the consolidated cases so that Guizhou and

Aeolus may each file separate briefs. Good cause supports this request, as set forth below.

## BACKGROUND

Guizhou and Aeolus are completely separate Chinese exporters of new pneumatic off-the-road-tires ("OTR") from the People's Republic of China ("China"). They  each participated in the U.S. Department of Commerce's ("Commerce") seventh administrative review ("AR7") of the antidumping duty ("ADD") order on OTR from China and their participation was confined to their own company-specific facts and circumstances. They each in AR7 submitted questionnaire responses to Commerce consisting of hundreds of pages of information, much of which was specific to their company and also consisted of company-specific business proprietary information ("BPI"). Commerce in AR7 found both Guizhou and Aeolus to be a part of the "China-wide entity." *OTR from China*, 82 Fed. Reg. 18,733, 18,734-35 (Apr. 21, 2017), Appx90-91.[1] These decisions were based on facts, including BPI, specific to each company. *Id.*, Issues and Decision Memorandum Comment 1A (Aeolus), Appx55-58, Comment 1B (Guizhou), Appx58-61.

---

[1]    The relevant Joint Appendix pages are attached to this Motion.

Guizhou and Aeolus in May 2017 filed separate appeals of AR7 at the U.S. Court of International Trade ("CIT"), CIT Case Nos. 17-00100 and 17-00102, respectively, that the CIT in June 2017 consolidated under that of *Guizhou*, CIT Consol. Case No. 17-00100. *See* CIT Consol. Case No. 17-00100 Docket Sheet, Appx217-219. Guizhou and Aeolus in January 2018 filed separate motions and briefs challenging Commerce's respective AR7 determinations. *Id*., Appx221-222. When the CIT ordered remands, Guizhou and Aeolus filed separate comments challenging Commerce's redetermination – based on their own unique company-specific facts, responding to Commerce's company-specific analyses – in November 2019 and again in November 2021. *Id*., Appx225, App227-228. After the CIT affirmed Commerce's second redetermination, Guizhou and Aeolus in July 2023 filed separate Notices of Appeal, that were docketed as Fed. Cir. Case Nos. 23-2163 and 23-2164, respectively. *Id*., Appx 229. This Court in July 2023 *sua sponte* consolidated both appeals under that of *Guizhou*, Fed. Cir. Case No. 2023-2163. ECF 2.

On October 27, 2023, Guizhou and Aeolus submitted separate opening briefs. ECF 20-23. While the legal issues in these briefs are similar, the arguments in each brief are based on facts and circumstances, including BPI, unique to each company. *Id*. On November 3, 2023, this Court advised

3

counsel that the opening briefs were not in compliance with this Court's rules because: "When multiple parties are represented by the same counsel or counsel from the same firm, a combined brief must be filed on behalf of all parties represented by that counsel or firm. Fed. Cir. R. 28(i)(2)." ECF 24.

## **GOOD CAUSE EXISTS TO ALLOW SEPARATE BRIEFS**

Guizhou and Aeolus submit that good cause exists to permit them to file separate briefs, as adherence to the combined brief requirement would prejudice these companies in these appeals. For the reasons set forth below, both entities should be able to fully and independently present their positions on appeal. However, unless this Court waives its general rule, they will be unable to do so because they happen to be represented by the same counsel and this Court *sua sponte* consolidated their appeals.

First, Guizhou and Aeolus have completely separate and voluminous record evidence comprised of the information they submitted to Commerce. In other words, their appeals are predicated on distinct and extensive company-specific facts. Requiring that they brief their arguments together creates the possibility of confusion between the two records.

Second and relatedly, requiring a combined brief would necessitate that both companies comply with the word count limit for a single brief.

4

This word count presents an extraordinary limitation for Guizhou and Aeolus, whose opening briefs consisted of 13,942 and 13,918 words, respectively – each just under the 14,000 words permitted by this Court's rules. ECF 20-23. Even a sizeable word count enlargement, which may not be granted, would jumble the two factual records and prejudice both companies in their ability to independently present their own cohesive and streamlined case on appeal. It is unfair to force these companies to present their appeals together, thereby creating a possibility that this Court will be less likely to consider the claims of each based on the facts specific to each company.

Third, Guizhou and Aeolus have completely separate BPI records which constitute a sizable portion of the record, constituting hundreds of pages. Moreover, the briefs filed by Guizhou and Aeolus contained 24 and 47 confidential words, respectively – which would collectively exceed the 50 confidential words permitted by this Court's rules. ECF 20-23. Even a confidential word count enlargement, which this Court disfavors, would prohibit counsel from sharing the combined confidential brief with both clients without disclosing the proprietary information of Guizhou with Aeolus, and vice-versa. This potential for the  disclosure of client-specific

proprietary information presents another reason why Guizhou and Aeolus should be permitted to file their own briefs.

Guizhou and Aeolus submit that the prejudice that they will experience as a result of having to file a combined brief, by mere virtue of their being represented by the same counsel and this Court's *sua sponte* consolidation, will outweigh any inconvenience to the only other party to this action. Defendant United States would have to write separate response briefs, but would not experience any of the problems associated with jumbling record facts, word counts, and BPI as set forth above.

In sum, Guizhou and Aeolus will be prejudiced if they are required to submit a combined brief that truncates their word count allocation and jumbles their independently extensive records. Accordingly, good cause supports this request to waive the combined brief required by Fed. Cir. R. 28(i)(2) and allow Guizhou and Aeolus to file separate briefs.

## <u>ALTERNATIVELY, THIS COURT SHOULD SEVER</u>

Guizhou and Aeolus each filed their own appeal, and are only required to file a single brief on account of this Court having *sua sponte* consolidated the appeals. ECF 2. Without the consolidation, Guizhou and Aeolus would be authorized to file their own briefs. Therefore, if this Court declines to grant their request to waive the combined brief requirement,

Guizhou and Aeolus respectfully request that this Court sever the cases so that each can file its own brief. To ensure that the cases are assigned to the same merits panel, this Court should in the event of severance designate the Guizhou and Aeolus appeals as companion cases – as it has already done with two other pending appeals, Fed. Cir. Court Nos. 2023-2165 and 2023-2391. ECF 8, 15.

## THIS COURT SHOULD EXTEND THE TIME FOR COMPLIANCE

Guizhou and Aeolus are currently required to file a compliant combined brief by November 13, 2023 – 5 business days from the Notice of Non-Compliance. ECF 24. Because Guizhou and Aeolus are herewith requesting authorization to file separate briefs, we respectfully request that this deadline be extended by 14-days or until November 27, 2023. This is the first request of an extension of time for this purpose.

Good cause supports this request. First, if Guizhou and Aeolus prevail on this Motion, there would be no need to file a combined brief; the extension will avoid having to create a combined brief that they do not believe is either warranted or appropriate, as set forth above Next, if Guizhou and Aeolus do not prevail on this Motion, it will take significant resources to combine the two briefs.

Further, counsel for Guizhou and Aeolus are extraordinarily busy with matters before this Court and the U.S. Court of International Trade ("CIT") as well as Commerce and the U.S. International Trade Commission ("ITC") whose proceedings must comply with strict statutory timeframes. These conflicting deadlines include:

- *Jinko Solar Import and Export Co. v. United States*, Consol. CIT Case No. 22-00219: Reply Brief due November 13, 2023;

- *Mattresses from Bosnia and Herzegovina, Bulgaria, Burma, India, Indonesia, Italy, Kosovo, Mexico, Philippines, Poland, Slovenia, Spain, and Taiwan,* Inv. Nos. 701-TA-693 & 731-TA-1629-40: Comments on Draft Questionnaires due November 13, 2023;

- *Mattresses from India*, Commerce Case No. A-533-919, Sections B-D Questionnaire Response due November 14, 2023;

- *Guizhou Tyre Co. v. United States*, Fed. Cir. Case No. 23-2165: Opening Brief due November 17, 2023 (extension to be filed); and

- *Asia Wheel Co. v. United States*, CIT Case No. 23-96: Motion for Judgment on the Agency Record and Opening Brief due November 20, 2023.

The requested extension will avoid scheduling conflicts that counsel for Plaintiff-Appellants have as a result of extensive conflicting deadlines.

## POSITION OF THE OTHER PARTIES

Counsel for Plaintiffs-Appellants on November 6, 2023, contacted John J. Todor, U.S. Department of Justice, counsel for Defendant United

States, the only other party to this appeal. Defendant opposes the Motion for Guizhou and Aeolus to be able to file separate briefs, or in the alternative, to sever the cases, but does not object to the 14-day extension of time.

## CONCLUSION

For the foregoing reasons, Guizhou and Aeolus respectfully request that this Court waive the requirement that they file a combined brief, or alternatively sever these consolidated cases and instead designate them as companion cases, and extend the deadline for compliance by 14 days, until November 27, 2023.

Respectfully submitted,

/s/ *Jordan C. Kahn*
Ned H. Marshak
Jordan Charles Kahn

1201 New York Ave., NW
Suite 650
Washington, DC 20005
 (202) 783-6881

*Counsel to Plaintiffs-Appellants*

Dated:  November 6, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 23-2163 (consolidated with 23-2164) |
| **Short Case Caption** | Guizhou Tyre Co., Ltd. v. US |
| **Filing Party/Entity** | Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Aeolus Tyre Co., Ltd. |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: November 6, 2023

Signature: /s/ Jordan C. Kahn

Name: Jordan C. Kahn

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Guizhou Tyre Co., Ltd. | | |
| Guizhou Tyre Import and Export Co., Ltd. | | |
| Aeolus Tyre Co., Ltd. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable              ☐   Additional pages attached

| | | |
|---|---|---|
| Brandon M. Petelin | Elaine F. Wang | Andrew T. Schutz |
| Mark E. Pardo | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable              ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 28.1(e)(2) and 32(a)(7)(B).

This motion contains 1,588 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6).

This motion has been prepared in a proportionally spaced type face using Word 2010 in Times New Roman 14 point font.

/s/ Jordan C. Kahn
Jordan C. Kahn

*Counsel to Plaintiffs-Appellants*

# Attachment: relevant Joint Appendix pages

Barcode:3562807-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

A-570-912
AR: 09/01/14 - 8/31/15
**Public Document**
E&C/III: MKM, KAH

April 12, 2017

**MEMORANDUM TO:**  Ronald K. Lorentzen
Acting Assistant Secretary
for Enforcement and Compliance

**FROM:**  Gary Taverman
Associate Deputy Assistant Secretary
for Antidumping and Countervailing Duty Operations

**SUBJECT:**  Issues and Decision Memorandum for Final Results of
Antidumping Duty Administrative Review: Certain New
Pneumatic Off-the-Road Tires from the People's Republic of
China; 2014-2015

---

## I.    SUMMARY

The Department of Commerce ("Department") analyzed the case and rebuttal briefs of interested parties in the seventh administrative review of the antidumping duty ("AD") order on certain new pneumatic off-the-road tires ("OTR Tires") from the People's Republic of China ("PRC") for the period of review ("POR") September 1, 2014, through August 30, 2015. The review covers the following exporters of subject merchandise:

1. Aeolus Tyre Co., Ltd. ("Aeolus")
2. Shiyan Desizheng Industry & Trade Co., Ltd. ("Desizheng")
3. Qingdao Jinhaoyang International Co., Ltd. ("Jinhaoyang")
4. Weifang Jintongda Tyre Co., Ltd. ("Jintongda")
5. Sailun Jinyu Group Co., Ltd. ("Sailun")
6. Guizhou Tyre Co., Ltd. ("GTC")[1]
7. Qingdao Free Trade Zone Full-World International Trading Co., Ltd. ("Qingdao FTZ")

---

[1] In the initial investigation, the Department found GTC and Guizhou Tyre Import and Export Corporation ("GTCIE") to be affiliated pursuant to section 771(33)(B), (E), (F) and (G) of the Tariff Act of 1930, as amended, and found that it was appropriate to treat these companies as a single entity pursuant to 19 CFR 351.401(f). *See Certain New Pneumatic Off-The-Road Tires From the People's Republic of China; Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 73 FR 9278, 9283 (February 20, 2008), unchanged in *Certain New Pneumatic Off-The-Road Tires from the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances*, 73 FR 40485 (July 15, 2008) ("*OTR Tires LTFV Determination*"). This decision is unchallenged in the instant review, and there is no evidence on the record of this review that calls this determination into question. Thus, the Department continues to treat GTC and GTCIE as a single entity (collectively, "GTC") pursuant to 19 CFR 351.401(f).

Filed By: Amanda Mallott, Filed Date: 4/13/17 12:37 PM, Submission Status: Approved



Barcode:3562807-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

8. Qingdao Qihang Tyre Co. ("Qihang")
9. Tianjin Leviathan International Trade Co., Ltd. ("Leviathan")
10. Trelleborg Wheel Systems (Xingtai) China, Co. Ltd. ("TWS Xingtai")
11. Trelleborg Wheel Systems Hebei Co. ("TWS Hebei")
12. Weihai Zhongwei Rubber Co., Ltd. ("Zhongwei")
13. Xuzhou Xugong Tyres Co. Ltd. ("Xugong")[2]
14. Zhongce Rubber Group Company Limited ("Zhongce").

## II.    BACKGROUND

On October 14, 2016, the Department published the *Preliminary Results* of this administrative review.[3]  The Department invited interested parties to comment on the *Preliminary Results*.[4]

On December 14, 2016, the Department received timely filed case briefs from GTC,[5] Xugong,[6] Qingdao FTZ,[7] and Aeolus,[8] as well as Titan Tire Corporation and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (collectively, "Petitioners").[9]  On December 21, 2016, the Department

---

[2] The Department previously found Xugong to be affiliated with Xuzhou Armour Rubber Company Ltd. ("Armour") and Xuzhou Hanbang Tyre Co., Ltd. ("Hanbang") pursuant to section 771(33)(E) of the Tariff Act of 1930, as amended, and found that it was appropriate to treat these companies as a single entity pursuant to 19 CFR 351.401(f).  *See Certain New Pneumatic Off-The-Road Tires From The People's Republic Of China: Preliminary Results Of Antidumping Duty Administrative Review; 2013-2014*, 80 FR 61166, 61167 (October 9, 2015), unchanged in *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2013-2014*, 81 FR 23272 (April 20, 2016) ("*OTR Tires 13-14*").  This decision is unchallenged in the instant review and there is no evidence on the record of this review that calls this determination into question.  Thus, the Department continues to treat Xugong, Armour, and Hanbang as a single entity (collectively, "Xugong") pursuant to 19 CFR 351.401(f).

[3] *See Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2014-2015*, 81 FR 71068 (October 14, 2016) ("*Preliminary Results*") and accompanying "Decision Memorandum for Preliminary Results of Antidumping Duty Administrative Review: Certain New Pneumatic Off-the-Road Tires from the People's Republic of China; 2014-2015," dated October 5, 2016 ("PDM").

[4] *See Preliminary Results*, 81 FR at 71068.

[5] *See* letter from GTC, "GTC and GTCIE Direct Case Brief in the Administrative Review of the Antidumping Duty Order on New Pneumatic Off-The-Road Tires from the People's Republic of China," dated December 14, 2016 ("GTC's Case Brief").

[6] *See* letter from Xugong, "Xuzhou Xugong Tyres Co., Ltd., ("Xugong") Case Brief:  Administrative Review of New Pneumatic Off-The-Road Tires from the People's Republic of China," dated December 14, 2016 ("Xugong's Case Brief").

[7] *See* letter from Qingdao FTZ, "Qingdao FTZ Direct Case Brief in the Seventh Administrative Review of the Antidumping Order on Certain New Pneumatic Off the-Road Tires from the People's Republic of China," dated December 14, 2016 ("Qingdao FTZ's Case Brief").

[8] *See* letter from Aeolus, "Aeolus Direct Case Brief in the Seventh Administrative Review of the Antidumping Order on Certain New Pneumatic Off-the-Road Tires from the People's Republic of China," dated December 14, 2016 ("Aeolus' Case Brief").

[9] *See* letter from Petitioners, "Case Brief of Titan Tire Corporation and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC," dated December 14, 2016 ("Petitioners' Case Brief").

Filed By: Amanda Mallott, Filed Date: 4/13/17 12:37 PM, Submission Status: Approved

received timely filed rebuttal briefs from Petitioners,[10] GTC,[11] Zhongce,[12] Jinhaoyang,[13] and Xugong.[14]

On December 22, 2016, in accordance with section 751(a)(3)(A) of the Tariff Act of 1930, as amended ("the Act"), the Department extended the period for issuing the final results of this review by sixty-days, to April 12, 2017.[15]  Additionally, in accordance with timely requests from parties, the Department held a public hearing on February 15, 2017.[16]

## III.    SCOPE OF THE ORDER

The products covered by the order are new pneumatic tires designed for off-the-road and off-highway use, subject to exceptions identified below.  Certain OTR tires are generally designed, manufactured and offered for sale for use on off-road or off-highway surfaces, including but not limited to, agricultural fields, forests, construction sites, factory and warehouse interiors, airport tarmacs, ports and harbors, mines, quarries, gravel yards, and steel mills.  The vehicles and equipment for which certain OTR tires are designed for use include, but are not limited to:  (1) agricultural and forestry vehicles and equipment, including agricultural tractors,[17] combine harvesters,[18] agricultural high clearance sprayers,[19] industrial tractors,[20] log-skidders,[21] agricultural implements, highway-towed implements, agricultural logging, and agricultural, industrial, skid-steers/mini-loaders;[22] (2) construction vehicles and equipment, including

---

[10] *See* letter from Petitioners, "Rebuttal Brief of Titan Tire Corporation and the United Steel, Paper and Forestry, Rubber, Manufacturing, energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC," dated December 21, 2016 ("Petitioners' Rebuttal Brief").

[11] *See* letter from GTC, "GTC and GTCIE Rebuttal Brief in the Administrative Review of the Antidumping Duty Order on New Pneumatic Off-The-Road Tires from the People's Republic of China," dated December 21, 2016 ("GTC's Rebuttal Brief").

[12] *See* letter from Zhongce, "Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Zhongce's Rebuttal Brief," dated December 21, 2016 ("Zhongce's Rebuttal Brief").

[13] *See* letter from Jinhaoyang, "Jinhaoyang's Reply Brief Certain New Pneumatic Off-the-Road Tires from the People's Republic of China," dated December 21, 2016 ("Jinhaoyang's Rebuttal Brief").

[14] *See* letter from Xugong, "Xuzhou Xugong Tyres Co., Ltd., ("Xugong") Rebuttal Brief:  Administrative Review of New Pneumatic Off-The-Road Tires from the People's Republic of China," dated December 21, 2016 ("Xugong's Rebuttal Brief").

[15] *See* memorandum to Christian Marsh, "Certain New Pneumatic Off-the-Road Tires from the People's Republic of China:  Extension of Deadline for Final Results of Antidumping Duty Administrative Review; 2014-2015," dated December 22, 2016.

[16] *See* the Hearing Transcript, filed onto the record by Kevin Connolly Court Reporting.

[17] Agricultural tractors are dual-axle vehicles that typically are designed to pull farming equipment in the field and that may have front tires of a different than the rear tires.

[18] Combine harvesters are used to harvest crops such as corn or wheat.

[19] Agricultural sprayers are used to irrigate agricultural fields

[20] Industrial tractors are dual-axle vehicles that typically are designed to pull industrial equipment and that may have front tires of a different size than the rear tires.

[21] A log-skidder has a grappling lift arm that is used to grasp, lift and move trees that have been cut down to a truck or trailer for transport to a mill or other destination.

[22] Skid-steer loaders are four-wheel drive vehicles with the left-side drive wheels independent of the right-side drive wheels and lift arms that lie alongside the driver with the major pivot points behind the driver's shoulders.  Skid-steer loaders are used in agricultural, construction and industrial settings.

Filed By: Amanda Mallott, Filed Date: 4/13/17 12:37 PM, Submission Status: Approved

earthmover articulated dump products, rigid frame haul trucks,[23] front end loaders,[24] dozers,[25] lift trucks, straddle carriers,[26] graders,[27] mobile cranes,[28] compactors; and (3) industrial vehicles and equipment, including smooth floor, industrial, mining, counterbalanced lift trucks, industrial and mining vehicles other than smooth floor, skid-steers/mini-loaders, and smooth floor off-the-road counterbalanced lift trucks. The foregoing list of vehicles and equipment generally have in common that they are used for hauling, towing, lifting, and/or loading a wide variety of equipment and materials in agricultural, construction and industrial settings. Such vehicles and equipment, and the descriptions contained in the footnotes are illustrative of the types of vehicles and equipment that use certain OTR tires, but are not necessarily all-inclusive. While the physical characteristics of certain OTR tires will vary depending on the specific applications and conditions for which the tires are designed (*e.g.*, tread pattern and depth), all of the tires within the scope have in common that they are designed for off-road and off-highway use. Except as discussed below, OTR tires included in the scope of the order range in size (rim diameter) generally but not exclusively from 8 inches to 54 inches. The tires may be either tube-type[29] or tubeless, radial or non-radial, and intended for sale either to original equipment manufacturers or the replacement market. The subject merchandise is currently classifiable under Harmonized Tariff Schedule of the United States ("HTSUS") subheadings:  4011.20.10.25, 4011.20.10.35, 4011.20.50.30, 4011.20.50.50, 4011.61.00.00, 4011.62.00.00, 4011.63.00.00, 4011.69.00.00, 4011.92.00.00, 4011.93.40.00, 4011.93.80.00, 4011.94.40.00, and 4011.94.80.00. While HTSUS subheadings are provided for convenience and customs purposes, our written description of the scope is dispositive.

Specifically excluded from the scope are new pneumatic tires designed, manufactured and offered for sale primarily for on-highway or on-road use, including passenger cars, race cars, station wagons, sport utility vehicles, minivans, mobile homes, motorcycles, bicycles, on-road or on-highway trailers, light trucks, and trucks and buses. Such tires generally have in common that the symbol "DOT" must appear on the sidewall, certifying that the tire conforms to applicable motor vehicle safety standards. Such excluded tires may also have the following designations that are used by the Tire and Rim Association:

> Prefix letter designations:
> - P - Identifies a tire intended primarily for service on passenger cars;

---

[23] Haul trucks, which may be either rigid frame or articulated (*i.e.*, able to bend in the middle) are typically used in mines, quarries and construction sites to haul soil, aggregate, mined ore, or debris.

[24] Front loaders have lift arms in front of the vehicle. They can scrape material from one location to another, carry material in their buckets, or load material into a truck or trailer.

[25] A dozer is a large four-wheeled vehicle with a dozer blade that is used to push large quantities of soil, sand, rubble, *etc.*, typically around construction sites. They can also be used to perform "rough grading" in road construction.

[26] A straddle carrier is a rigid frame, engine-powered machine that is used to load and offload containers from container vessels and load them onto (or off of) tractor trailers.

[27] A grader is a vehicle with a large blade used to create a flat surface. Graders are typically used to perform "finish grading." Graders are commonly used in maintenance of unpaved roads and road construction to prepare the base course on to which asphalt or other paving material will be laid.

[28] *I.e.,* "on-site" mobile cranes designed for off-highway use.

[29] While tube-type tires are subject to the scope of this proceeding, tubes and flaps are not subject merchandise and therefore are not covered by the scope of this proceeding, regardless of the manner in which they are sold (*e.g.,* sold with or separately from subject merchandise).

Barcode:3562807-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

- LT - Identifies a tire intended primarily for service on light trucks; and,
- ST - Identifies a special tire for trailers in highway service.

Suffix letter designations:

- TR - Identifies a tire for service on trucks, buses, and other vehicles with rims having specified rim diameter of nominal plus 0.156" or plus 0.250";
- MH - Identifies tires for Mobile Homes;
- HC - Identifies a heavy duty tire designated for use on "HC" 15" tapered rims used on trucks, buses, and other vehicles. This suffix is intended to differentiate among tires for light trucks, and used tires, and other vehicles or other services, which use a similar designation.
- Example: 8R17.5 LT, 8R17.5 HC;
- LT - Identifies light truck tires for service on trucks, buses, trailers, and multipurpose passenger vehicles used in nominal highway service; and
- MC - Identifies tires and rims for motorcycles.

The following types of tires are also excluded from the scope: pneumatic tires that are not new, including recycled or retreaded tires and used tires; non-pneumatic tires, including solid rubber tires; tires of a kind designed for use on aircraft, all-terrain vehicles, and vehicles for turf, lawn and garden, golf and trailer applications. Also excluded from the scope are radial and bias tires of a kind designed for use in mining and construction vehicles and equipment that have a rim diameter equal to or exceeding 39 inches. Such tires may be distinguished from other tires of similar size by the number of plies that the construction and mining tires contain (minimum of 16) and the weight of such tires (minimum 1500 pounds).

## IV.    CHANGES SINCE THE PRELIMINARY RESULTS

Based on our review and analysis of the comments received from parties, we made certain changes to our margin calculations for Xugong.[30]  Specifically, we:

1. revised the surrogate value for tire valves,[31]
2. corrected a ministerial error regarding the valuation of Smoked Sheet Natural Rubber,[32]
3. calculated a U.S. sales adjustment for Xugong's warehousing expense,[33]
4. revised Xugong's indirect selling expense ratio and application thereof,[34]

---

[30] *See* memorandum to the File, "2014-2015 Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off-the-Road Tires from the People's Republic of China:  Analysis of the Final Results Margin Calculation for Xuzhou Xugong Tyres Co., Ltd.," dated concurrently with this memorandum ("Xugong's Final Analysis Memo").

[31] *See below* at Comment 6; *see also* Memorandum to the File, "Final Results of the 2014-2015 Administrative Review of the Antidumping Duty Order on Certain New Pneumatic off-The-Road Tires from the People's Republic of China:  Surrogate Value Memorandum," dated concurrently with this memorandum ("Final SV Memo").

[32] *See below* at Comment 3; *see also* Xugong's Final Analysis Memo.

[33] *See below* at Comment 7; *see also* Xugong's Final Analysis Memo.

[34] *Id.*

Filed By: Amanda Mallott, Filed Date: 4/13/17 12:37 PM, Submission Status: Approved

5. recalculated Xugong's sales adjustment for value added tax ("VAT") for its constructed export price ("CEP") sales,[35] and
6. corrected a ministerial error regarding the deduction of tubes and flaps from applicable sales.[36]

## V.     LIST OF COMMENTS

Comment 1:   Separate Rates
       A.  Whether to Grant Aeolus a Separate Rate
       B.  Whether to Grant GTC a Separate Rate
       C.  Whether to Grant Jinhaoyang a Separate
       D.  Whether to Grant Zhongce a Separate Rate
Comment 2:   Calculation of the Cost of Tube and Flap Inputs for Xugong
Comment 3:   Surrogate Value for Smoked Sheet Natural Rubber
Comment 4:   Surrogate Value for Inland Truck Freight
Comment 5:   Surrogate Value for Carbon Black
Comment 6:   Surrogate Value for Tire Valves
Comment 7:   Warehousing Expense Calculation for Xugong
Comment 8:   Whether to Adjust Xugong's U.S. Prices for Irrecoverable Value Added Tax
Comment 9:   Additional Comments Raised by GTC

## VI.     DISCUSSION OF THE ISSUES

**Comment 1: Separate Rates**

In the *Preliminary Results*, we determined that Aeolus, and GTC were not eligible for a separate rate because they failed to demonstrate an absence of *de facto* government control over their export activities, and that Tianjin Leviathan International Trade Co., Ltd. ("Leviathan") was not eligible for a separate rate because it did not submit a response or certification in response to the Department's separate rate questionnaire.  In addition, we also determined that Shiyan Desizheng Industry & Trade Co., Ltd. ("Desizheng"), Sailun Jinyu Group Co., Ltd. ("Sailun"), Weifang Jintongda Tyre Co., Ltd. ("Jintongda"), Trelleborg Wheel Systems (Xingtai) China, Co. Ltd. ("TWS Xingtai"), Weihai Zhongwei Rubber Co., Ltd. ("Zhongwei"), Qingdao Qihang Tyre Co. ("Qihang"), Qingdao Free Trade Zone Full-World International Trading Co., Ltd. ("Quingdao FTZ"), Jinhaoyang and Zhongce were eligible for a separate rate.  Interested parties only commented on the separate rate eligibility of Aeolus, GTC, Jinhaoyang, and Zhongce.  Accordingly, for the final results we continue to find that Leviathan is not eligible for a separate rate and that Desizheng, Sailun, Jintongda, TWS Xingtai, Zhongwei, Qihang, and Quingdao FTZ are eligible for a separate rate.  Further, as discussed below, for the final results, and based on record evidence, we continue to find that Aeolus and GTC are not eligible for a separate rate, and that Jinhaoyang and Zhongce are eligible for a separate rate.

As we stated in the *Preliminary Results*, in proceedings involving non-market economy ("NME") countries, the Department begins with a rebuttable presumption that all companies

---

[35] *See below* at Comment 8; *see also* Xugong's Final Analysis Memo.
[36] *See below* at Comment 2; *see also id.*

within the NME country are subject to government control and, thus, should be assessed a single antidumping duty rate.  It is the Department's policy to assign all exporters of the merchandise subject to review in NME countries a single rate unless an exporter can affirmatively demonstrate an absence of government control, *de jure* and *de facto*, with respect to exports.  To establish whether a company is sufficiently independent to be entitled to a separate, company-specific rate, the Department analyzes each exporting entity in an NME country under the test established in *Sparklers*,[37] as further developed in *Silicon Carbide*.[38]  In accordance with this separate rate test, the Department assigns separate rates to respondents in NME proceedings if respondents demonstrate the absence of both *de jure* and *de facto* government control over their export activities.[39]

The Department considers the following *de jure* criteria in determining whether an individual company may be granted a separate rate: (1) an absence of restrictive stipulations associated with an individual exporter's business and export licenses; (2) any legislative enactments decentralizing control of companies; and (3) other formal measures by the government decentralizing control of companies.[40]

Typically, the Department considers four factors in evaluating whether each respondent is subject to de facto government control of its export functions:  (1) whether the export prices are set by or are subject to the approval of a government authority; (2) whether the respondent has authority to negotiate and sign contracts and other agreements; (3) whether the respondent has autonomy from the government in making decisions regarding the selection of management; and (4) whether the respondent retains the proceeds of its export sales and makes independent decisions regarding disposition of profits or financing of losses.[41]

The Department continues to evaluate its practice with regard to the separate rates analysis in light of the *Diamond Sawblades 11-12* AD proceeding, and the Department's determinations therein.[42]  In particular, we note that in litigation involving the *Diamond Sawblades 11-12*

---

[37] *See Final Determination of Sales at Less Than Fair Value:  Sparklers from the People's Republic of China*, 56 FR 20588, 20589 (May 6, 1991) ("*Sparklers*").

[38] *See Final Determination of Sales at Less than Fair Value:  Silicon Carbide from the People's Republic of China*, 59 FR 22585 (May 2, 1994) ("*Silicon Carbide*").

[39] *See, e.g., Final Results of Antidumping Duty Administrative Review:  Petroleum Wax Candles From the People's Republic of China*, 72 FR 52355, 52356 (September 13, 2007); *Brake Rotors From the People's Republic of China; Preliminary Results and Partial Rescission of the Fourth New Shipper Review and Rescission of the Third Antidumping Duty Administrative Review*, 66 FR 1303, 1306 (January 8, 2001), unchanged in *Brake Rotors From the People's Republic of China:  Final Results and Partial Rescission of Fourth New Shipper Review and Rescission of Third Antidumping Duty Administrative Review*, 66 FR 27063 (May 16, 2001); and *Notice of Final Determination of Sales at Less Than Fair Value:  Creatine Monohydrate From the People's Republic of China*, 64 FR 71104 (December 20, 1999) ("*Creatine*").

[40] *See Sparklers*, 56 FR at 20589.

[41] *See Silicon Carbide*, 59 FR at 22586-87; *see also Notice of Final Determination of Sales at Less Than Fair Value: Furfuryl Alcohol From the People's Republic of China*, 60 FR 22544, 22545 (May 8, 1995) ("*Furfuryl Alcohol*").

[42] *See Diamond Sawblades and Parts Thereof from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2011-2012*, 78 FR 77098 (December 20, 2013), and accompanying Preliminary Decision Memo at 7, unchanged in *Diamond Sawblades and Parts Thereof from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2011-2012*, 79 FR 35723 (June 24, 2014), and accompanying Issues and Decision Memorandum ("IDM") at Comment 1 ("*Diamond Sawblades 11-12*").

proceeding, the CIT found the Department's existing separate rates analysis deficient in the specific circumstances of that case, which involved a government-controlled entity that maintained  significant ownership in the respondent exporter.[43]  Following the Court's reasoning, as affirmed by the Court of Appeals for the Federal Circuit ("CAFC"), in recent proceedings, we concluded that where a government entity holds a majority ownership share, either directly or indirectly,[44] in the respondent exporter, the majority ownership holding in and of itself means that the government exercises, or has the potential to exercise, control over the company's operations generally.[45]  This may include control over, for example, the selection of management, a key factor in determining whether a company has sufficient independence in its export activities to merit a separate rate.  Consistent with normal business practices, we would expect any majority shareholder, including a government, to have the ability to control, and an interest in controlling, the operations of the company, including the selection of management and the profitability of the company.

We found in the *Preliminary Results* that Aeolus and GTC, established their *de jure* independence from the PRC government.  However, in the *Preliminary Results*, Aeolus and GTC failed to demonstrate the absence of *de facto* control by the PRC government.  Additionally, in the *Preliminary Results*, the Department determined that Jinhaoyang and Zhongce established their independence from *de jure* and *de facto* government control over their export activities, and thus, are eligible for separate rates.

As noted above, the CAFC has held that the Department has the authority to place the burden on the exporter to establish an absence of government control.[46]  For the reasons explained below,

---

[43] *See Advanced Technology & Materials Co., Ltd., et al. v. United States*, 885 F. Supp. 2d 1343 (CIT 2012) ("*Advanced Tech I*"), affirmed in *Advanced Technology & Materials Co., Ltd., et al. v. United States*, 938 F. Supp. 2d 1342 (CIT 2013), *aff'd Advanced Technology & Materials Co., Ltd. v. United States*, Case No. 2014-1154 (CAFC 2014) ("*Advanced Tech II*") (collectively, "*Advanced Tech*") ("The court remains concerned that Commerce has failed to consider important aspects of the problem and offered explanations that run counter to the evidence before it… Further substantial evidence of record does not support the inference that SASAC's {State-owned Assets Supervision and Administration Commission} 'management' of its 'state-owned assets' is restricted to the kind of passive-investor de jure 'separation' that Commerce concludes.…The point here is that 'governmental control' in the context of the separate rate test appears to be a fuzzy concept, at least to this court, since a 'degree' of it can obviously be traced from the controlling shareholder, to the board, to the general manager, and so on along the chain to 'day-to-day decisions of export operations,' including terms, financing, and inputs into finished product for export…AT&M itself identifies its 'controlling shareholder' as CISRI {owned by SASAC} in its financial statements and the power to veto nomination does not equilibrate the power of control over nomination.") (footnotes omitted)).  *Id.*, at 1351-1357.

[44] *See, e.g., Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China*, 81 FR 4251 (January 4, 2016) and accompanying IDM at Comment 7 ("in recent proceedings, we concluded that where a government entity holds a majority ownership share, either directly or indirectly, in the respondent exporter, the majority ownership holding in and of itself means that the government exercises, or has the potential to exercise, control over the company's operations generally." (footnotes omitted)).

[45] *See Carbon and Certain Alloy Steel Wire Rod From the People's Republic of China:  Preliminary Determination of Sales at Less Than Fair Value and Preliminary Affirmative Determination of Critical Circumstances, in Part*, 79 FR 53169 (September 8, 2014), and accompanying PDM at 5-9 ("*Steel Wire Rod Prelim*"), unchanged in *Carbon and Certain Alloy Steel Wire Rod From the People's Republic of China:  Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 79 FR 68860 (November 19, 2014) ("*Steel Wire Rod Final*").

[46] *See Sigma Corp. v. United States*, 117 F.3d 1401, 1405-06 (CAFC 1997) ("*Sigma*").

the Department continues to find, based on the totality of the record evidence, that Aeolus and GTC have not demonstrated an absence of *de facto* government control, and are therefore not entitled to a separate rate. In contrast, the Department continues to find that Jinhaoyang and Zhongce rebutted the presumption of *de jure* and *de facto* government control over their export activities and are eligible for a separate rate.

### A. Whether to Grant Aeolus a Separate Rate

Aeolus' Comments
- Aeolus argues that because the Department has made no indication that it has changed its separate rate test from its longstanding practice[47] established in *Sparklers* and *Silicon Carbide*,[48] and because the Department's preliminary decision to deny Aeolus a separate rate is not supported by record evidence, for the final results, the Department should grant Aeolus a separate rate.
- The Department should reconsider the totality of the circumstances with respect to Aeolus in this case because its record evidence is easily distinguishable from those presented in *Advanced Tech I*,[49] as well as other recent decisions in light of this ruling.[50]
- The company website the Department referenced in its preliminary decision is primarily for advertisement purposes;[51] it is not an official business document objectively demonstrating "control" in the manner considered by the Department under its separate rate test.
- Aeolus argues that we did not analyze all four factors of the *de facto* test or consider the totality of the circumstances.
- Furthermore, Aeolus argues that the facts in this review are distinguishable from *Advanced Tech II*[52] as Aeolus' parent company's board is elected by its shareholders.

Petitioners' Rebuttal
- The Department properly determined that Aeolus is ineligible for a separate rate.
- Petitioners argue that there are additional shareholders that are also ultimately state owned, in addition to those recognized by Aeolus.[53] Petitioners argue that Aeolus shareholders that can

---

[47] *See* Aeolus' Case Brief, at 2 (citing to *Furfuryl Alcohol*, 60 FR at 22545).

[48] *Id.* (citing to *Sparklers*, 56 FR at 20588 and *Silicon Carbide*, 59 FR at 22585).

[49] *Id.*, at 6 (citing *Final Results of Redetermination Pursuant to Remand Order for Diamond Sawblades and Parts Thereof from the People's Republic of China* (May 6, 2013); *Advanced Tech I*).

[50] *Id.* (citing to *1,1,1,2-Tetrafluroethane From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 79 FR 62597 (October 20, 2014), and accompanying IDM at Comment 1, and *Small Diameter Graphite Electrodes from the People's Republic of China: Final Results of Antidumping Duty Administrative Review*; *2014-2015*, 81 FR 62474 (September 9, 2016)).

[51] *Id.*, at 7 (citing to letter from Petitioners', "Administrative Review of the Antidumping Duty Order on New Pneumatic Off- The-Road Tires from China (A–570–912): Petitioners' Rebuttal Information and Deficiency Comments on Aeolus' Separate Rate Application," dated December 30, 2015, at Attachment 3 ("Petitioners' Aeolus SRA Rebuttal") which stated that stated that China National Tire & Rubber Co., Ltd. ("CNRC"), not China National Chemical Corporation., controls Aeolus).

[52] *Id.*, at 4, 14, 16 (citing to *Advanced Tech II*, aff'd 2013 U.S. App. LEXIS 22869 (CAFC 2013) ("*Advanced Tech III*")).

[53] *See* Petitioners' Rebuttal Brief, at 37 (citing to letter from Aeolus, "Separate Rate Application in the Seventh Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off the-Road Tires from the People's Republic of China," dated December 11, 2016 ("Aeolus' SRA"), at Exhibit 7).

Barcode:3562807-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

be clearly identified as state-owned, own a higher ownership stake in Aeolus than Aeolus reported in its SRA,[54] meaning that Aeolus is a majority state-owned company, making Aeolus ineligible for a separate rate in this review.[55]

- Furthermore, the Department should continue to follow its recent decision in *Truck and Bus Tires Preliminary*[56] to deny Aeolus a separate rate.

**Department Position:**  For the final results and based on record evidence, we continue to find that Aeolus is not eligible for a separate rate.  In the *Preliminary Results*, we determined, based on substantial record evidence, that a state-owned enterprise ("SOE"), China National Chemical Corporation, ("China Chem"), is Aeolus's largest and controlling shareholder.[57]  As noted above, we would expect any major shareholder, including a government, to have the ability to control, and an interest in controlling, the operations of the company, including the selection of management and the profitability of the company.[58]  In the *Preliminary Results*, we identified additional record evidence that we found (and continue to find) supports that expectation in this review.[59]

Specifically, the record shows that Aeolus is 42.58 percent owned by its parent company (China Chemical Rubber Co., Ltd. (also known as, China National Tire & Rubber Corp.) ("China Chem Rubber")), a company which is 100-percent owned by an SOE (China Chem) and supervised by "State-owned Assets Supervision and Administration Commission(s)" ("SASAC(s)"), as reflected in Aeolus' separate rate application.[60]  Additionally, during the POR, of the top 10 shareholders, which includes China Chem Rubber, three additional shareholders (Henan Tyre Group Co., Ltd., Jiaozuo Tongliang Assets Management Co., Ltd., and Xiamen Haiyi International Trade Co., Ltd.) owned an additional 6.48 percent of Aeolus.  These three companies are also SOEs that are supervised by local SASACs. [61]  Thus, the total SOE ownership is 49.06 percent.

Further, Aeolus' Articles of Association ("AoA") describe various responsibilities based on voting rights overseen by shareholders.  The shareholders have the ability to nominate board

---

[54] *Id.*

[55] *Id.*

[56] *Id.*, at 36 (citing *Truck and Bus Tires from the People's Republic of China*, 81 FR 61186 (September 6, 2016) ("*Truck and Bus Preliminary*"), and accompanying PDM at 16).

[57] *See Preliminary Results*, and accompanying PDM at 16.  *See also* the Department's memorandum to the file, "Certain New Pneumatic Off-the-Road Tires from the People's Republic of China:  Preliminary Denial of Separate Rate," dated October 5, 2016, at page 2 ("Preliminary Separate Rate Memo").

[58] *See, e.g., Carbon and Certain Alloy Steel Wire Rod From the People's Republic of China:  Preliminary Determination of Sales at Less Than Fair Value and Preliminary Affirmative Determination of Critical Circumstances, in Part*, 79 FR 53169 (September 8, 2014), and accompanying PDM at 5-9 ("*Steel Wire Rod Prelim*"), unchanged in *Carbon and Certain Alloy Steel Wire Rod From the People's Republic of China:  Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 79 FR 68860 (November 19, 2014) ("*Steel Wire Rod Final*").

[59] *See Preliminary Results*, and accompanying PDM at 16.  *See also* Preliminary Separate Rate Memo.

[60] *See* Aeolus' SRA, at 13 and letter from Aeolus, "Separate Rate Application Supplemental Questionnaire Response in the: Seventh Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off-the-Road Tires from the People's Republic of China," dated August 2, 2016 ("Aeolus' Supplemental Response").

[61] *See* Aeolus' SRA, at 13.

Filed By: Amanda Mallott, Filed Date: 4/13/17 12:37 PM, Submission Status: Approved

members and vote on those nominees' appointment to the board.[62] These nominees select the chairman of the board and senior management.[63] Because Aeolus' controlling shareholders are wholly-owned SOEs,[64] they have the ability to nominate a majority of Aeolus' board members, and in turn control decisions regarding the selection of management. Specifically, Articles 32 and 99 of Aeolus' AoA give shareholders authority over decisions on the operations of the company.[65] In addition, Article 40 gives shareholders the authority to elect and replace board members, and according to Article 97, the board members can also act as the general manager or other senior managers.[66] Finally, Article 147 of Aeolus' AoA provides board members the authority to appoint or remove the general manager and deputy general manager.[67] Therefore, we conclude that Aeolus does not satisfy the criteria demonstrating an absence of *de facto* government control over its export activities. Consequently, we determine Aeolus is ineligible for a separate rate.

Additionally, the website printouts provided by Petitioners show that Aeolus is under the direct control of an SOE, specifically, China Chem Rubber.[68] Despite Aeolus' arguments that the websites are not official company documents that objectively demonstrate "control," we continue to find the documents to be probative as to Aeolus' ownership structure. We find that Aeolus did not explain how specific information in Aeolus' SRA and Aeolus' Supplemental Response directly rebuts the websites in question,[69] which state that Aeolus is under the control of SOE owners.[70] Therefore, the information presented by Petitioners corroborates the ownership information provided by Aeolus.[71]

The Department has a long-standing practice of presuming state control in an NME country and places the burden on exporters requesting a separate rate to demonstrate an absence of *de jure* and *de facto* control.[72] The websites at issue support the presumption of PRC government control over Aeolus and challenge the credibility of Aeolus' request for a separate rate. Therefore, we continue to find that these websites are credible documents supporting our finding that Aeolus is subject to government control through the ownership interests of China Chem

---

[62] *Id.*, at Exhibit 11.
[63] *Id.*
[64] *Id.*
[65] *Id.*
[66] *Id.*
[67] *See* Preliminary Separate Rate Memo, at 2.
[68] *See* letter from Petitioners, "Administrative Review of the Antidumping Duty Order on New Pneumatic Off-The-Road Tires from China (A–570–912): Petitioners' Rebuttal Information and Deficiency Comments on Aeolus' Separate Rate Application," dated December 30, 2016, at Attachment 3.
[69] *See* Aeolus' Supplemental Response.
[70] *See* Preliminary Separate Rate Memo, at 2.
[71] *See* Aeolus' SRA, at 13 and Exhibit 11.
[72] *See Sigma Corp*, 117 F.3d at 1405-06 ("We agree with the government that it was within Commerce's authority to employ a presumption of state control for exporters in a nonmarket economy, and to place the burden on the exporters to demonstrate an absence of central government control. The antidumping statute recognizes a close correlation between a nonmarket economy and government control of prices, output decisions, and the allocation of resources. Moreover, because exporters have the best access to information pertinent to the 'state control' issue, Commerce is justified in placing on them the burden of showing a lack of state control.") (internal citations omitted).

Barcode:3562807-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

Rubber, Henan Tyre Group, Jiaozuo Tongliang Assets Management, and Xiamen Haiyi International Trade.  Aeolus is thus not eligible for a separate rate.

## B.  Whether to Grant GTC a Separate Rate

GTC's Comments

- GTC argues that, contrary to its established policy and practice, the Department only considered two of the four *de facto* control factors.[73]  GTC argues that the Department did not analyze all four factors of the *de facto* test or consider the totality of the circumstances.[74]

- GTC argues that the Department has made no indication that it has changed its separate rate test from its longstanding practice established in *Sparklers* and *Silicon Carbide*.[75]

- GTC argues that the Department's analysis misconstrues the term "*de facto* control," resulting in a conclusion that is not supported by law.[76]

- GTC argues that Guiyang Industry Investment Group Co., Ltd. (GIIG) only has a minority stake in its shares (*i.e.*, 25 percent), and that every shareholder individually or jointly can nominate candidates for directors.[77]

- GTC argues that it has repeatedly been granted a separate rate in this proceeding, including the most recent 2012-2013 administrative review.[78]

Petitioners' Rebuttal

- Petitioners argue that we properly determined that GTC and GTCIE are ineligible for a separate rate.

---

[73] *See* GTC's Case Brief,, at 3-16 (citing *Sparklers* at Comment 1; *see also Silicon Carbide*, at "Separate Rates" section; *see also Furfuryl Alcohol,* at "Separate Rates" section; *see also Structural Steel Beams*, at "Separate Rates" section; *Jiangsu Jiasheng Photovoltaic Technology Co., Ltd., v. United States*, 121 F. Supp. 3d 1263, 1339 (CIT 2015) ("*Jiangsu Jiasheng*"); *Tianjin Mach. Import & Export Corp. v. United States*, 806 F. Supp. 1008, 1014 (CAFC 1992); *AMS Assocs. v. United States*, 719 F.3d 1376, 1379 (CAFC 2013) ("*AMS*"); *Advanced Tech. I* at 1347; *Shandong Huanri (Group) General Co., et al. v. United States*, 493 F.Supp.2d 1353, 1357 (CIT 2007) ("*Shandong*")).

[74] *Id.*, at 13-32.

[75] *Id.*, at 29 (citing to *Jiangsu Jiasheng* at 1339, *Sigma Corp.* at 1405, *AMS* at 1379, *Sparklers*, and *Silicon Carbide*).

[76] *Id.*, at 18-19 (citing *United States v. Garcia-Andrade*, 2013 U.S. Dist. LEXIS 110759, *15 (S.D. CA 2013); Black's Law Dictionary 479 (9th ed. 2009); *C.f. Ludlum Corp. Pension Plan Trust v. Matty's Superservice*, 156 A.D.2d 339, 548 N.Y.S.2d 292, 293 (2d Dep't 1989)).

[77] *Id.*, at 19-32 (citing Articles 76 and 77 of Articles of Association of GTC, *see* GTC's 1st SQR, at Exhibit 1, and Article 103 of the PRC Company Law, *see* GTC's SAQR, at Exhibit A-3.  Also citing GTC's 1st SQR, at Exhibits 6, 7A, 7C, 8, 9 and 12, as well as a similar situation faced by the Department in *Notice of Final Determination of Sales at Less Than Fair Value: Certain Cased Pencils From the People's Republic of China*, 59 FR 55625 (November 8, 1994) and accompanying IDM ("*Cased Pencils*")).

[78] *Id.*, at 33-35 (citing *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2012-2013*, 79 FR 61291 (October 10, 2014), and accompanying PDM, at 10-11 ("*OTR Tires Preliminary 12-13*"), unchanged in *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review*; 2012–2013, 80 FR 20197 (April 15 2015) ("*OTR Tires 12-13 Final*")).

Filed By: Amanda Mallott, Filed Date: 4/13/17 12:37 PM, Submission Status: Approved

- Petitioners argue that GTC is still subject to government review by Guiyang SASAC, and that, accordingly, it cannot show separation from the PRC government.[79]

**Department's Position**:  For the final results, we continue to find, based on record evidence, that GTC is not eligible for a separate rate.  In the *Preliminary Results*, we determined, and record evidence supports, that a SOE, GIIG, is GTC largest and controlling shareholder.  We would expect any major shareholder, including a government, to control the operations of the company if afforded that ability by its shareholder rights.[80]  As noted below, this opportunity is provided to the largest shareholding SOE.  In the *Preliminary Results*, we identified additional record evidence that we found and continue to find, supports this expectation with respect to GTC in this review.[81]

Specifically, we found that GTC's affiliate, GTCIE, is 100-percent owned by GTC.[82]  GTC is 25.20 percent owned by GIIG, a company which GTC reported is 100-percent owned and supervised by Guiyang SASAC.[83]  GTC reported that it is the producer of the subject merchandise and its affiliate, GTCIE, exported the subject merchandise to the United States during the POR.  The Department previously collapsed GTC and GTCIE into a single entity in the initial investigation.[84]  This decision has been unchallenged in each subsequent review, including the instant review; thus, the Department continues to treat GTC and GTCIE as a single entity in this review.  As the sole owner of GTCIE, GTC has the ability to control, and an interest in controlling, the operations of the company, including the selection of management and the profitability of the company.  In addition, because the Department preliminarily found that Guiyang SASAC is in a position to control the activities of GTC through its 100-percent

---

[79] *See* Petitioners' Rebuttal Brief, at 4- 17 (citing to *Antidumping Duty Investigation of Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China:  Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, In Part*, 80 FR 34893 (June 18, 2015), and accompanying IDM at Comment 38-39 ("*PVLT Tires from the PRC Final*").  *See also OTR Tires from Preliminary 12-13*, and accompanying PDM at 10-11; *Truck and Bus Preliminary*, and accompanying PDM at 16.  *See* letter from Petitioners, "Administrative Review of the Antidumping Duty Order on New Pneumatic Off-The-Road Tires from China (A–570–912):  Petitioners' Rebuttal Information and Deficiency Comments regarding Guizhou's Section A Questionnaire Response," dated February 1, 2016 at Attachment 1, 5 ("Petitioners' GTC SAQR Rebuttal"), (citing memorandum from the Department, "Antidumping Duty Investigation of Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China, Preliminary Separate Rate Determinations," dated January 20, 2015) at 5 citing letter from GTC submitted on PVLT Tires from the PRC Final, "Separate Rate Application Supplemental Questionnaire Response in the Antidumping Duty Investigation on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China," dated December 17, 2014 ("GTC's PVLT SSRA"));; GTC's Case Brief, at 25-34; GTC's 2nd SQR, at 52 and Exhibits 3B and 7; GTC's SAQR at Exhibit 3, 7, 10;  letter from Petitioners, "Administrative Review of the Antidumping Duty Order on New Pneumatic Off-The-Road Tires from China (A–570–912): Petitioners' Rebuttal Information and Deficiency Comments regarding Guizhou's Section A Questionnaire Response," dated June 6, 2016, at Attachment 1 ("Petitioners' 2nd SAQR Rebuttal"); GTC's SAQR, at 11-12 and Exhibit 3; *Advanced Tech. I* at 1357; *Cased Pencils*, 59 FR at 55627-28).
[80] *See, e.g., Steel Wire Rod Prelim* and accompanying PDM at 5-9, unchanged in *Steel Wire Rod Final*.
[81] *See Preliminary Results*, and accompanying PDM at 16.  *See also* Preliminary Separate Rate Memo, at 2-3.
[82] *See* GTC's SAQR at 2.
[83] *See* Preliminary Separate Rate Memorandum, at 2-3; *see also* GTC's SAQR, at Exhibit A-7.  GTC is the producer, and GTCIE is its affiliate in charge of export sales.
[84] *See OTR Tires LTFV Determination*.

ownership of GTC's largest shareholder, GIIG, we find that, because GTC owns GTCIE, GTCIE is also controlled by Guiyang SASAC.[85]

Our continued denial of a separate rate to GTC in this review is further supported by events that occurred at GTC's shareholder meetings in 2012 and 2015 related to the selection of directors and profit distribution.[86]  Record evidence shows that GTC elected members of its board of directors through shareholders' meetings not available to all shareholders.[87]  Because GIIG circumvented a more inclusive board election process, it was able to elect specific board members of its preference and preferred profit distribution schemes.[88]  Based on these findings, we do not find any practical difference between holding shareholder elections to select board members, or the Guiyang SASAC, through GIIG, directly appointing board members by direct decree.  Therefore, the fact that those shareholder meetings complied with the relevant laws and the AoA, as GTC argues, is irrelevant in the instant case.[89]  Thus, the Department finds that GIIG appointed a majority of the members of GTC's board of directors as evidenced in the voting record for the shareholder meetings during the POR.[90]  Additionally, the voting records show that GIIG controlled profit distribution during the POR.[91]

GTC asserts that its AoA insulates it from government interference through its prescribed nomination process for its board of directors and senior management.  However, the Department finds that GTC's nomination and voting processes for directors and management under Articles 40, 43, 83, and 117 of the AoA allowed Guiyang SASAC, through GIIG, to influence  the board nomination process.[92]  Article 83 allows only shareholders with 10 percent or more of voting shares held individually or jointly to nominate directors.[93]  Moreover, as GIIG is the only shareholder with more than 10 percent ownership, record evidence fails to demonstrate any nominations of directors without GIIG involvement.[94]  Moreover, record evidence suggests that no other individual shareholder owns the requisite percentage to nominate members to GTC's board.[95]  As a result of its position, GIIG exercises influence over the selection of GTC's board.  Furthermore, certain articles allow GIIG to remain in a supervisory position over GTC despite its diminished ownership.  Specifically, as noted above, Article 32(3) of GTC's AoA allows certain shareholders, including GIIG, the ability to supervise the operations of the Company and put forward suggestions and raise inquiries.[96]  Thus, other than its own restraint, nothing in GTC's AoA prevents GIIG from engaging in behavior that interferes with the autonomy of GTC, and in

---

[85] *Id.*
[86] *See* GTC's 1st SQR, at 3 and Exhibits 6 and 7.  For further discussion, including the business proprietary information, *see* the Preliminary Separate Rate Memo.
[87] *See* GTC's 3rd SQR, at 3 and Exhibits 2, 4, 6, 7, and 8.
[88] *See* Preliminary Separate Rate Memo, at 2-3, where the Department detailed GIIG's control over the nomination and selection of board members in during the POR.
[89] *See* GTC's Case Brief, at 20 and 27.
[90] *See* Preliminary Separate Rate Memo for business proprietary information detailing this control.
[91] *Id.*
[92] *See* GTC's 3rd SQR, at 2 and Exhibit 2, 4, 6, 7, and 8; *see also* Preliminary Separate Rate Memo, at 2-3.
[93] *Id.*
[94] *Id.*
[95] *See* GTC's 1st SQR at Exhibit 1.
[96] *Id.*

turn its 100-percent owned affiliate GTCIE.[97]  Additionally, the Department notes that certain BPI record evidence suggests that GIIG exercised certain rights under AoA provisions that effectively controlled the distribution of profits, during the POR.[98]

Furthermore, GTC argues that Articles 40, 43, 83, and 117 of the AoA support its assertion of strict voting procedures, which allow voting access through cumulative voting and online voting to all shareholders, are irrelevant to the Department's finding of the GIIG's *de facto* control over the selection of management.  As noted above, the provisions cited did little to prevent GIIG from electing the board members of its preference.[99]  Neither GTC's cumulative voting nor on-line voting prevented GIIG from circumventing the election outcome by requesting a special shareholder meeting, in which it elected its preferred board members to GTC's board of directors, in turn allowing its influence to flow to GTC's 100-percent owned affiliate GTCIE.[100]

Moreover, though we acknowledge that the AoA cited by GTC on its surface appears to place safeguards against undue influence by large shareholders in the selection of GTC's senior managers, the record demonstrates that those safeguards were unsuccessful in the instant case. GIIG was ultimately able to dominate GTC's decision-making process, despite such safeguards, and appoint its preferred members to GTC's board, as well as control profit distribution.[101]  In the instant case, the Department finds the provisions do not ensure the absence of the *de facto* control of the selection of management or profit distribution schemes by certain shareholders. Specifically, the provisions still allow Guiyang SASAC through GIIG, the authority to make decisions for GTC, which appoints GTCIE's senior management, as well as sets GTCIE's business operations agenda.[102]  Therefore, we continue to find that GTC is not eligible for a separate rate in this review.

Furthermore, the Department rejects Petitioners' assertion that we deny GTC's separate rate because of unsubstantiated claims of Guiyang SASAC's review during the POR.  Petitioners have failed to demonstrate their claim through record evidence.  Specifically, most of the documents placed on the record supporting Petitioners' allegations of Guiyang SASAC's performance review pre-date the POR, dating back to 2013.  They are thus not pertinent to this review.  Accordingly, our decision is wholly based on our findings as discussed above.  Thus, the Department sees no need to analyze evidence pre-dating the POR.  Additionally, the Department notes, because Guiyang SASAC's October 2015 notice announcing increased annual supervision and inspection of administered enterprises fails to identify specific companies subject to annual supervision and inspection this information was not used in our determination that GTCIE is under PRC government control.[103]

---

[97] *Id.*

[98] *See* GTC's 2nd SQR at Exhibit 7.

[99] *Id.*; *see also* Preliminary Separate Rate Memo, at 3 (citing GTC's 1st SQR, at 3 and Exhibits 2, 4, 6, 7, and 8).

[100] *Id.*

[101] *See* GTC's 2nd SQR at Exhibit 7.

[102] *See* GTC's SAQR at 11-12 and Exhibit A-2.

[103] *See* Petitioners' Rebuttal Brief at 7 (citing Petitioners' Rebuttal Information and Deficiency Comments regarding Guizhou's Supplemental Section A Questionnaire Response (June 6, 2016)).

Barcode:3565076-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

**Federal Register** / Vol. 82, No. 76 / Friday, April 21, 2017 / Notices **18733**

Please enter through the library, located on the corner of 15th St. and Pennsylvania Ave. NW., Washington, DC 20230. Please note that pre-clearance is required in order to make a statement during the public comment portion of the meeting. Please be sure to keep all comments to five minutes or less, and submit a brief statement summarizing your comment to Craig Buerstatte (see contact information below) no later than 11:59 p.m. ET on Friday, April 28, 2017.

**Teleconference**

*May 2, 2017*

   *Via WebEx: https://doclibrary-events.webex.com/doclibrary-events/onstage/g.php?MTID=e409cca3fd5c1f89e11872defbf0b82d3*
   *Dial-In:* +1 650 479 3207.
   *Passcode:* 395 802 029.

*May 3, 2017*

   *Via WebEx: https://doclibrary-events.webex.com/doclibrary-events/onstage/g.php?MTID=ed1e75ff9e9a7b9bf687494cb34088f35.*
   *Dial-In:* +1 650 479 3207.
   *Passcode:* 395 621 725.

**FOR FURTHER INFORMATION CONTACT:** Craig Buerstatte, Office of Innovation and Entrepreneurship, Room 78018, 1401 Constitution Avenue NW., Washington, DC 20230; email: *nacie@doc.gov;* telephone: +1 202 482 8001; fax: +1 202 273 4781. Please reference ''NACIE May 2017 Meeting'' in the subject line of your correspondence.

**SUPPLEMENTARY INFORMATION:** NACIE, established by Section 25(c) of the Stevenson-Wydler Technology Innovation Act of 1980, as amended (15 U.S.C. 3720(c)), and managed by EDA's Office of Innovation and Entrepreneurship (OIE), is a Federal Advisory Committee Act (FACA) committee that provides advice directly to the Secretary of Commerce. NACIE's advice focuses on transformational policies and programs that aim to accelerate innovation and increase the rate at which research is translated into companies and jobs, including through entrepreneurship and the development of an increasingly skilled, globally competitive workforce. Comprised of successful entrepreneurs, innovators, angel investors, venture capitalists, and leaders from the nonprofit and academic sectors, NACIE has presented to the Secretary recommendations from throughout the research-to-jobs continuum regarding topics including improving access to capital, growing and connecting entrepreneurial ecosystems, increasing small business-driven research and development, and understanding the workforce of the

future. In its advisory capacity, NACIE also serves as a vehicle for ongoing dialogue within the innovation, entrepreneurship, and workforce development communities.

   The final agenda for the meeting will be posted on the NACIE Web site at *http://www.eda.gov/oie/nacie/* prior to the meeting. Any member of the public may submit pertinent questions and comments concerning the NACIE's affairs at any time before or after the meeting. Comments may be submitted to the Office of Innovation and Entrepreneurship at the contact information below. Those unable to attend the meetings in person but wishing to listen to the proceedings can do so through a conference call line accessible via +1 650 479 3207 with passcode 395 802 029 on May 2, 2017, and +1 650 479 3207 with passcode 395 621 725 on May 3, 2017. Copies of the meeting minutes will be available by request within 90 days of the meeting date.

   Dated: April 17, 2017.

**Craig Buerstatte,**

*Acting Director, Office of Innovation and Entrepreneurship.*

[FR Doc. 2017–08084 Filed 4–20–17; 8:45 am]

**BILLING CODE 3510–WH–P**

---

**DEPARTMENT OF COMMERCE**

**International Trade Administration**

[A–570–912]

**Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2014–2015**

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce (Commerce).

**SUMMARY:** On October 14, 2016, the Department of Commerce (''Department'') published the preliminary results of the seventh administrative review of the antidumping duty order on certain new pneumatic off-the-road tires (''OTR tires'') from the People's Republic of China (''PRC'') and provided to interested parties an opportunity to comment on these preliminary results. Based on our analysis of the comments received, we made certain changes in the margin calculation regarding one mandatory respondent, Xuzhou Xugong Tyres Co., Ltd. (''Xugong''). We also continue to find that the other mandatory respondent, Guizhou Tyre Co., Ltd. (''GTC''), is not eligible for separate rate status and, thus, is part of

the PRC-wide entity. The final dumping margins for this review are listed in the ''Final Results'' section of this notice, below.

**DATES:** Effective April 21, 2017.

**FOR FURTHER INFORMATION CONTACT:** Amanda Mallott or Keith Haynes, AD/CVD Operations, Office III, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW., Washington, DC 20230; telephone (202) 482–6430 and (202) 482–5139, respectively.

**SUPPLEMENTARY INFORMATION:**

**Background**

   On October 14, 2016, the Department published its *Preliminary Results* of the antidumping duty administrative review of OTR tires from the PRC.[1] In accordance with 19 CFR 351.309, we invited interested parties to comment on the preliminary results. On December 22, 2016, in accordance with section 751(a)(3)(A) of the Tariff Act of 1930, as amended (''the Act''), the Department extended the period for issuing the final results of this review by sixty-days, to April 12, 2017.[2]

   We received case briefs from Titan Tire Corporation and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL–CIO–CLC (''Petitioners''), the mandatory respondents Xuzhou Xugong Tyres Co., Ltd. (''Xugong'')[3] and Guizhou Tyre Co.,

---

[1] *See Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2014–2015,* 81 FR 71068 (October 14, 2016) (''*Preliminary Results*'') and accompanying ''Decision Memorandum for Preliminary Results of Antidumping Duty Administrative Review: Certain New Pneumatic Off-the-Road Tires from the People's Republic of China; 2014–2015,'' dated October 5, 2016 (''PDM'').

[2] *See* Memorandum to Christian Marsh titled, Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Extension of Deadline for Final Results of Antidumping Duty Administrative Review; 2014–2015, dated December 22, 2016.

[3] The Department previously collapsed Xugong and its affiliates Xuzhou Armour Rubber Company Ltd. (''Armour'') and Xuzhou Hanbang Tyre Co., Ltd. (''Hanbang'') into a single entity; *see Certain New Pneumatic Off-the-Road Tires From The People's Republic Of China: Preliminary Results Of Antidumping Duty Administrative Review; 2013–2014,* 80 FR 61166, 61167 (October 9, 2015), unchanged in *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2013–2014,* 81 FR 23272 (April 20, 2016). This decision is unchallenged in the instant review; thus, the Department continues to treat Xugong, Armour, and Hanbang as a single entity (collectively, ''Xugong'').

Filed By: Amanda Mallott, Filed Date: 4/21/17 8:51 AM, Submission Status: Approved

Barcode:3565076-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

**18734**    **Federal Register** / Vol. 82, No. 76 / Friday, April 21, 2017 / Notices

Ltd. ("GTC"),[4] and separate rate applicants Aeolus Tyre Co., Ltd. ("Aeolus") and Qingdao Free Trade Zone Full-World International Trading Co., Ltd. ("Qingdao FTZ"). We received rebuttal briefs from Petitioners, Xugong, GTC, and separate rate applicants Zhongce Rubber Group Company Limited ("Zhongce") and Qingdao Jinhaoyang International Co., Ltd. ("Jinhaoyang"). On February 15, 2017, the Department held a public hearing at the request of interested parties. For a further discussion of the events that occurred in this investigation subsequent to the *Preliminary Results,* *see* the Issues and Decision Memorandum.[5]

**Scope of the Order**

The merchandise covered by this order includes new pneumatic tires designed for off-the-road and off-highway use, subject to certain exceptions. The subject merchandise is currently classifiable under Harmonized Tariff Schedule of the United States ("HTSUS") subheadings: 4011.20.10.25, 4011.20.10.35, 4011.20.50.30, 4011.20.50.50, 4011.61.00.00, 4011.62.00.00, 4011.63.00.00, 4011.69.00.00, 4011.92.00.00, 4011.93.40.00, 4011.93.80.00, 4011.94.40.00, and 4011.94.80.00. The HTSUS subheadings are provided for convenience and customs purposes only; the written product description of the scope of the order is dispositive. For a complete description of the scope of the order, *see* the Issues and Decision Memorandum.

**Analysis of Comments Received**

All issues raised in the case and rebuttal briefs filed by parties in this review are addressed in the Issues and Decision Memorandum, which is hereby adopted by this notice. A list of the

issues that parties raised and to which we responded in the Issues and Decision Memorandum is attached as Appendix I to this notice. The Issues and Decision Memorandum is a public document and is on file electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System ("ACCESS"). ACCESS is available to registered users at *http://access.trade.gov* and it is available to all parties in the Central Records Unit, room B8024 of the main Department of Commerce building. In addition, a complete version of the Issues and Decision Memorandum can be accessed directly on the Internet at *http://enforcement.trade.gov/frn/index.html.* The signed Issues and Decision Memorandum and electronic version of the Issues and Decision Memorandum are identical in content.

**Final Determination of No Shipments**

As noted in the *Preliminary Results,* we received a no-shipment certification from Trelleborg Wheel Systems Hebei Co. ("TWS Hebei").[6] Consistent with its practice, the Department asked U.S. Customs and Border Protection ("CBP") to conduct a query on potential shipments made by TWS Hebei during the POR. CBP did not provide any evidence contradicting TWS Hebei's no-shipment claim.[7] No interested party provided comments on this issue. Thus, based on TWS Hebei's certification and our analysis of information received from CBP, we determine that TWS Hebei did not have any reviewable transactions during the POR.

**Separate Rates**

In the *Preliminary Results,* we determined that Shiyan Desizheng Industry & Trade Co., Ltd. ("Desizheng"), Sailun Jinyu Group Co., Ltd. ("Sailun"), Weifang Jintongda Tyre Co., Ltd. ("Jintongda"), Trelleborg Wheel Systems (Xingtai) China, Co. Ltd. ("TWS Xingtai"), Weihai Zhongwei Rubber Co., Ltd. ("Zhongwei"), Zhongce, Qingdao Qihang Tyre Co. ("Qihang"), Jinhaoyang, and Qingdao FTZ are eligible for separate-rate status. We also preliminarily determined that Aeolus, Tianjin Leviathan International Trade Co., Ltd. ("Leviathan"), and GTC were not eligible for a separate rate, and are thus part of the PRC-wide entity.[8] We made no changes to these determinations for the final results. For

further discussion, *see* Issues and Decision Memorandum at Comment 1.

**Rate for Non-Individually-Examined Separate Rate Companies**

The statute and the Department's regulations do not address the establishment of a rate to be assigned to respondents not selected for individual examination when the Department limits its examination of companies subject to the administrative review pursuant to section 777A(c)(2)(B) of the Act. Generally, the Department looks to section 735(c)(5) of the Act, which provides instructions for calculating the all-others rate in an investigation, for guidance when calculating the rate for respondents not individually examined in an administrative review. Section 735(c)(5)(A) of the Act articulates a preference for not calculating an all-others rate using rates which are zero, *de minimis,* or based entirely on facts available.[9] Accordingly, the Department's usual practice has been to determine the dumping margin for companies not individually examined by averaging the weighted-average dumping margins for the individually examined respondents, excluding rates that are zero, *de minimis,* or based entirely on facts available.[10] In this review, we have calculated a weighted-average dumping margin for Xugong that is above *de minimis* and not based entirely on facts available. Therefore, consistent with the Department's practice, we have assigned to Desizheng, Jinhaoyang, Jintongda, Sailun, Qingdao FTZ, Qihang, TWS Xingtai, Zhongwei, and Zhongce the weighted-average dumping margin calculated for Xugong as the separate rate for this review.

**Changes Since the Preliminary Results**

Based on an analysis of the comments received, we made certain calculation changes and revisions to the valuation of certain factors of production since the *Preliminary Results* with respect to Xugong's margin calculation, and have updated Xugong's margin accordingly. For further details on the changes made

---

[4] In the initial investigation, the Department collapsed GTC and Guizhou Tyre Import and Export Corporation ("GTCIE") into a single entity, *see Certain New Pneumatic Off-The-Road Tires From the People's Republic of China; Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination,* 73 FR 9278, 9283 (February 20, 2008), unchanged in *Certain New Pneumatic Off-The-Road Tires from the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances,* 73 FR 40485 (July 15, 2008). This decision is unchallenged in the instant review; thus, the Department continues to treat GTC and GTCIE as a single entity (collectively, "GTC").

[5] *See* Memorandum to Ronald K. Lorentzen, Acting Assistant Secretary for Enforcement and Compliance, "Issues and Decision Memorandum for Final Results of Antidumping Duty Administrative Review: Certain New Pneumatic Off-The-Road Tires from the People's Republic of China; 2014–2015," adopted by and dated concurrently with this notice ("Issues and Decision Memorandum").

[6] *See Preliminary Results,* 81 FR at 71068.

[7] *See* CBP Message Number 6207309, dated July 25, 2016.

[8] *See Preliminary Results,* 81 FR at 71069–70, and accompanying PDM at the "Separate Rates" section.

[9] *See Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews and Rescission of Reviews in Part,* 73 FR 52823, 52824 (September 11, 2008), and accompanying Issues and Decision Memorandum at Comment 16.

[10] *See, e.g., Preliminary Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances: Certain Polyester Staple Fiber from the People's Republic of China,* 71 FR 77373, 77377 (December 26, 2006), unchanged in *Final Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances: Certain Polyester Staple Fiber from the People's Republic of China,* 72 FR 19690 (April 19, 2007).

Filed By: Amanda Mallott, Filed Date: 4/21/17 8:51 AM, Submission Status: Approved

Barcode:3565076-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

since the *Preliminary Results, see* the Issues and Decision Memorandum.[11]

In light of changes made since the *Preliminary Results* which altered Xugong's margin, we have updated the separate rate that was preliminarily assigned to Desizheng, Jinhaoyang, Jintongda, Sailun, Qingdao FTZ, Qihang, TWS Xingtai, Zhongwei, and Zhonge to reflect Xugong's margin for the final results.

### Final Results

As a result of this administrative review, we determine that the following weighted-average dumping margins exist for the period September 1, 2014, through August 31, 2015:

| Exporter | Weighted-average dumping margin (percent) |
|---|---|
| Xuzhou Xugong Tyres Co., Ltd., Armour Rubber Company Ltd., or Xuzhou Hanbang Tyre Co., Ltd | 33.08 |
| Shiyan Desizheng Industry & Trade Co., Ltd | 33.08 |
| Qingdao Jinhaoyang International Co., Ltd | 33.08 |
| Sailun Jinyu Group Co., Ltd | 33.08 |
| Weifang Jintongda Tyre Co., Ltd | 33.08 |
| Zhongce Rubber Group Company Limited | 33.08 |
| Weihai Zhongwei Rubber Co., Ltd | 33.08 |
| Qingdao Qihang Tyre Co | 33.08 |
| Qingdao Free Trade Zone Full-World International Trading Co., Ltd | 33.08 |
| Trelleborg Wheel Systems (Xingtai) China, Co. Ltd | 33.08 |

Additionally, as in the *Preliminary Results,* the Department determines that Guizhou Tyre Co., Ltd. and Guizhou Tyre Import and Export Corporation, Aeolus Tyre Co., Ltd., and Tianjin Leviathan International Trade Co., Ltd., are part of the PRC-wide entity.

### Disclosure

We intend to disclose the calculations performed regarding these final results within five days of the date of publication of this notice to parties in this proceeding, in accordance with 19 CFR 351.224(b).

### Assessment Rates

The Department shall determine, and CBP shall assess, antidumping duties on all appropriate entries covered by this review pursuant to section 751(a)(2)(C) of the Act and 19 CFR 351.212(b)(1).[12] The Department intends to issue assessment instructions directly to CBP 15 days after the date of publication of these final results of administrative review.

For Xugong, the Department will calculate importer-specific assessment rates on the basis of the ratio of the total amount of dumping calculated for the importer's examined sales to the total entered value of sales, in accordance with 19 CFR 351.212(b)(1). For customers or importers of Xugong for which we do not have entered values, we calculated importer- (or customer-) specific antidumping duty assessment

amounts based on the ratio of the total amount of dumping duties calculated for the examined sales of subject merchandise to the total sales quantity of those same sales.[13] For customers or importers of Xugong for which we received entered-value information, we have calculated importer- (or customer-) specific antidumping duty assessment rates based on importer- (or customer-) specific *ad valorem* rates.[14] Where an importer- or (customer-) specific *ad valorem* rate is greater than *de minimis,* the Department will instruct CBP to collect the appropriate duties at the time of liquidation.[15] For the non-examined separate rate companies, we will instruct CBP to liquidate all appropriate entries at 33.08 percent. For those entities that are subject to this review that the Department has determined are part of the PRC-wide entity (*i.e.,* GTC and GTCIE, Aeolus Tyre Co., Ltd., and Tianjin Leviathan International Trade Co., Ltd.), we will instruct CBP to liquidate all appropriate entries at the PRC-wide rate of 105.31 percent.[16] Pursuant to a refinement in the Department's non-market economy (''NME'') practice, for entries that were not reported in the U.S. sales databases submitted by companies individually examined during this review, the Department will instruct CBP to liquidate such entries at the PRC-wide rate.[17] In addition, if the Department determines that an exporter under review had no shipments of subject

merchandise, any suspended entries that entered under that exporter's case number (*i.e.,* at that exporter's rate) will be liquidated at the PRC-wide rate.

### Cash Deposit Requirements

The following cash deposit requirements will be effective for all shipments of the subject merchandise entered, or withdrawn from warehouse, for consumption on or after the publication date of the final results of this administrative review, as provided by section 751(a)(2)(C) of the Act: (1) For the exporters listed above, the cash deposit rate will be equal to the weighted-average dumping margin identified in the ''Final Results'' section of this notice, above; (2) for previously investigated or reviewed PRC and non-PRC exporters that are not under review in this segment of the proceeding but that received a separate rate in a previous segment, the cash deposit rate will continue to be the exporter-specific rate (or exporter-producer chain rate) published for the most recently completed segment of this proceeding in which the exporter was reviewed; (3) for all PRC exporters of subject merchandise which have not been found to be entitled to a separate rate, the cash deposit rate will be the PRC-wide rate of 105.31 percent; and (4) for all non-PRC exporters of subject merchandise which have not received their own rate, the cash deposit rate will be the rate applicable to the PRC

---

[11] *See also* Memorandum to the File, ''Final Results of the 2014–2015 Administrative Review of the Antidumping Duty Order on Certain New Pneumatic off-the-Road Tires from the People's Republic of China: Surrogate Value Memorandum,'' dated concurrently with this notice; and Memorandum to the File, ''2014–2015 Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Analysis

of the Final Results Margin Calculation for Xuzhou Xugong Tyres Co., Ltd.,'' dated concurrently with this notice.

[12] *See Antidumping Proceeding: Calculation of the Weighted-Average Dumping Margin and Assessment Rate in Certain Antidumping Duty Proceedings; Final Modification,* 77 FR 8103 (February 14, 2012) (''*NME Antidumping Proceedings*'').

[13] *See* 19 CFR 351.212(b)(1).

[14] *Id.*

[15] *See* 19 CFR 351.212(b)(1).

[16] The PRC-wide rate was determined in *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2012–2013,* 80 FR 20197 (April 15, 2015).

[17] *See Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties,* 76 FR 65694 (October 24, 2011).

Filed By: Amanda Mallott, Filed Date: 4/21/17 8:51 AM, Submission Status: Approved

Barcode:3565076-01 A-570-912 REV - Admin Review 9/1/14 - 8/31/15

exporter(s) that supplied that non-PRC exporter. These cash deposit requirements, when imposed, shall remain in effect until further notice.

**Notification to Importers**

This notice serves as a final reminder to importers of their responsibility under 19 CFR 351.402(f)(2) to file a certificate regarding the reimbursement of antidumping and/or countervailing duties prior to liquidation of the relevant entries during this review period. Failure to comply with this requirement could result in the Secretary's presumption that reimbursement of the antidumping and/or countervailing duties occurred and the subsequent assessment of double antidumping duties.

**Administrative Protective Order**

This notice also serves as a reminder to parties subject to administrative protective order ("APO") of their responsibility concerning the return or destruction of proprietary information disclosed under the APO in accordance with 19 CFR 351.305(a)(3), which continues to govern business proprietary information in this segment of the proceeding. Timely written notification of the return/destruction of APO materials or conversion to judicial protective order is hereby requested. Failure to comply with the regulations and terms of an APO is a violation which is subject to sanction.

We are issuing and publishing these final results of administrative review in accordance with sections 751(a)(1) and 777(i) of the Act.

Dated: April 12, 2017.

**Ronald K. Lorentzen,**

*Acting Assistant Secretary for Enforcement and Compliance.*

**Appendix**

**Issues and Decision Memorandum**

I. Summary
II. Background
III. Scope of the Order
IV. Changes since the *Preliminary Results*
V. List of Comments
VI. Discussion of the Issues
    Comment 1: Separate Rates
      A. Whether to Grant Aeolus a Separate Rate
      B. Whether to Grant GTC a Separate Rate
      C. Whether to Grant Jinhaoyang a Separate Rate
      D. Whether to Grant Zhongce a Separate Rate
    Comment 2: Calculation of the Cost of Tube and Flap Inputs for Xugong
    Comment 3: Surrogate Value for Smoked Sheet Natural Rubber
    Comment 4: Surrogate Value for Inland Truck Freight
    Comment 5: Surrogate Value for Carbon Black

    Comment 6: Surrogate Value for Tire Valves
    Comment 7: Warehousing Expense Calculation for Xugong
    Comment 8: Whether to Adjust Xugong's U.S. Prices for Irrecoverable Value Added Tax
    Comment 9: Additional Comments Raised by GTC
VII. Recommendation

[FR Doc. 2017–08011 Filed 4–20–17; 8:45 am]

**BILLING CODE 3510–DS–P**

---

**DEPARTMENT OF COMMERCE**

**National Institute of Standards and Technology**

**Impact of Long Term Evolution Signals on Global Positioning System Receivers**

**AGENCY:** National Institute of Standards and Technology, Department of Commerce.

**ACTION:** Notice of public meeting.

**SUMMARY:** The National Institute of Standards and Technology (NIST) announces that National Advanced Spectrum and Communications Test Network (NASCTN) will hold a public meeting on May 4, 2017 to inform the public about the NASCTN project "Impact of Long Term Evolution (LTE) signals on Global Positioning System (GPS) Devices". At this meeting, the public will learn about this project, as described in the report released to the public on February 15, 2017, available at: *http://nvlpubs.nist.gov/nistpubs/TechnicalNotes/NIST.TN.1952.pdf.* A summary of NASCTN's test methodology and an overview of the test results will be provided as well.

**DATES:** The meeting will be held on Thursday, May 4, 2017, from 9:00 a.m. to 12:00 p.m. Eastern Time. To attend the meeting in person you must register in advance by 5:00 p.m. Eastern Time on Tuesday, May 2, 2017. In order to access the WebEx you must register in advance by 5:00 p.m. Eastern Time on Wednesday, May 3, 2017. For instructions on how to register to participate in the meeting, please see the **SUPPLEMENTARY INFORMATION** section of this notice.

**ADDRESSES:** The meeting will be held at MITRE Campus, Building 1, 7525 Colshire Drive, McLean VA, 22102. Directions to the MITRE McLean Campus are available at: *https://www.mitre.org/sites/default/files/pdf/mclean-campus-map.pdf.* The meeting will also be accessible via WebEx.

**FOR FURTHER INFORMATION CONTACT:** For questions about this public meeting contact: Dr. Sheryl Genco,

Communications Technology Laboratory, NIST by email at *sheryl.genco@nist.gov;* telephone (303–497–3591) or fax (303–497–6665). Please direct media inquiries to the NIST Public Affairs Officer, Laura Ost by email at *laura.ost@nist.gov* or telephone (303–497–4880).

**SUPPLEMENTARY INFORMATION:** NASCTN provides a neutral forum for addressing spectrum-sharing challenges to accelerate the deployment of wireless technologies among commercial and federal users. NASCTN was created in 2015 and is a joint effort among NIST, the National Telecommunications and Information Administration, and the United States Department of Defense. NASCTN's mission is to provide robust test processes and validated measurement data necessary to develop, evaluate and deploy spectrum sharing technologies that can increase access to the spectrum by both Federal agencies and non-federal spectrum users. NASCTN conducts projects with private sector entities via Cooperative Research and Development Agreements (CRADA).[1] NASCTN has completed the "Impacts of LTE Signals on GPS Receivers" project and released the NASCTN report "LTE Impacts on GPS" on February 15, 2017. The report describes the project, the test methodology and the test results and is available at: *http://nvlpubs.nist.gov/nistpubs/TechnicalNotes/NIST.TN.1952.pdf.*

The focus of this NASCTN project, proposed by Ligado Networks in 2016 and conducted under a CRADA between NIST and Ligado Networks, was the development of a test methodology to: (1) Investigate the impact of LTE signals on GPS devices that operate in the GPS L1 frequency band; and (2) perform radiated radio-frequency measurements on a representative set of GPS devices to validate the test methodology.

At the start of the project, NASCTN convened a panel of technical experts to develop a test plan with the following objectives: Develop a test plan that is transparent, reproducible, and well-calibrated; develop sound, statistically-valid data retrieval and processing techniques; provide a clear path from measurement setup, to data collection, to processed results; and provide data to inform discussions between different interested parties on proper measurement requirements. The goal

---

[1] A CRADA is the principal mechanism used by Federal laboratories to engage in collaborative efforts with non-Federal entities and allow the exchange of resources with private industry to advance technologies that can then be commercialized for the benefit of the public and the U.S. economy.

27224

# Notices

**Federal Register**

Vol. 82, No. 113

Wednesday, June 14, 2017

This section of the FEDERAL REGISTER contains documents other than rules or proposed rules that are applicable to the public. Notices of hearings and investigations, committee meetings, agency decisions and rulings, delegations of authority, filing of petitions and applications and agency statements of organization and functions are examples of documents appearing in this section.

---

## DEPARTMENT OF COMMERCE

### International Trade Administration

[A–570–912]

### Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2014–2015

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Department) is amending its final results of the administrative review of the antidumping duty order on certain new pneumatic off-the-road tires (OTR Tires) from the People's Republic of China (PRC) for the period of September 1, 2014, through August 31, 2015, to correct a ministerial error. The amended final weighted-average dumping margins for the reviewed firms are listed below in the section entitled, "Amended Final Results."

**DATES:** Effective June 14, 2017.

**FOR FURTHER INFORMATION CONTACT:** Mandy Mallott, AD/CVD Operations, Office III, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW., Washington, DC 20230; telephone 202–482–6430.

**SUPPLEMENTARY INFORMATION:**

### Background

On April 13, 2017, the Department issued the final results of the administrative review of the 2014–2015 period of review.[1] On April 14, 2017, the Department disclosed to interested parties its calculations for the final

results.[2] On April 24, 2017, the Department received a timely-filed ministerial error allegation from the petitioners[3] regarding the Department's margin calculation for Xugong, one of the mandatory respondents in the review.[4] The Department also received a timely-filed ministerial error allegation from Xugong regarding the draft final liquidation instructions released with the *Final Results*.[5]

### Scope of the Order

The merchandise covered by this order includes new pneumatic tires designed for off-the-road and off-highway use, subject to certain exceptions. The subject merchandise is currently classifiable under Harmonized Tariff Schedule of the United States (HTSUS) subheadings: 4011.80.1010, 4011.20.10.25, 4011.20.10.35, 4011.20.50.30, 4011.20.50.50, 4011.61.00.00, 4011.62.00.00, 4011.63.00.00, 4011.69.00.00, 4011.70.00.10, 4011.70.00.50 4011.80.20.20, 4011.92.00.00, 4011.93.40.00, 4011.93.80.00, 4011.94.40.00, 4011.94.80.00, 8716.90.5056, 8716.90.5059, 4011.80.10.10, 4011.80.10.20, 4011.80.20.10, 4011.80.80.10, and 4011.80.80.20. The HTSUS subheadings are provided for convenience and customs purposes only; the written product description of the scope of the order is dispositive. For a complete description of the scope of the order, *see* the Issues and Decision Memorandum accompanying the *Final Results*.

### Ministerial Error

Section 751(h) of the Tariff Act of 1930, as amended (the Act), and 19 CFR

351.224(f) define a "ministerial error" as an error "in addition, subtraction, or other arithmetic function, clerical error resulting from inaccurate copying, duplication, or the like, and any similar type of unintentional error which the Secretary considers ministerial." We analyzed the petitioners' ministerial error comments and determined, in accordance with section 751(h) of the Act and 19 CFR 351.224(e) and (f), that we made a ministerial error in our calculation of Xugong's margin for the *Final Results* by inadvertently using the incorrect sales figures as a denominator to devise the indirect sales expense ratio.[6] We also made an error in the draft liquidation instructxions. For a detailed discussion of the Department's ministerial error determination, *see* Ministerial Error Memorandum.

In accordance with section 751(h) of the Act and 19 CFR 351.224(e), we are correcting this error in the calculation of Xugong's weighted-average dumping margin by using the proper denominator in the calculation of indirect sales expenses,[7] and are, thus, amending the *Final Results*. The revised weighted-average dumping margin for Xugong is detailed below.

Additionally, as a result of our revision to Xugong's margin, the Department has also revised the dumping margin for companies not individually examined in the review. As we explained in the *Final Results*,[8] the Department looks to section 735(c)(5) of the Act, which provides instructions for calculating the all-others rate in an investigation, for guidance when calculating the rate for respondents not individually examined in an administrative review. Consistent with section 735(c)(5)(A) of the Act, the Department's usual practice has been to determine the dumping margin for companies not individually examined by averaging the weighted-average dumping margins for the individually examined respondents, excluding rates

---

[1] *See Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2014–2015*, 82 FR 18733 (April 21, 2017) (*Final Results*) and accompanying Issues and Decision Memorandum.

[2] Xuzhou Xugong Tyres Co., Ltd. (Xugong) was the only mandatory respondent for which the Department calculated a margin. *See* the Supplement's memorandum, "2014–2015 Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Analysis of the Final Results Margin Calculation for Xuzhou Xugong Tyres Co., Ltd.," dated April 12, 2017 (Xugong Final Analysis Memorandum).

[3] Titan Tire Corporation (Titan) and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL–CIO, CLC (the USW) (collectively, the petitioners).

[4] *See* Petitioners' Letter, "Petitioners' Ministerial Error Comments," dated April 24, 2017.

[5] *See* Xugong's letter, "Allegation of Ministerial Error for the Final Results of Administrative Review of New Pneumatic Off-The-Road Tires from the People's Republic of China," dated April 21, 2017 (Xugong Comments).

[6] *See* the Department's memorandum, "2014–2015 Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Ministerial Error Allegation for the Final Results," dated concurrently with this notice (Ministerial Error Memorandum).

[7] *See* Ministerial Error Memorandum; *see also* memorandum, "Analysis of the Amended Final Results Margin Calculation for Xuzhou Xugong Tyres Co., Ltd.," dated concurrently with this notice (Xugong Amended Final Analysis Memo).

[8] *See Final Results*, 82 FR at 18734.

that are zero, de minimis, or based entirely on facts available.[9] Because Xugong's revised weighted-average dumping margin is above *de minimis* and not based entirely on facts available, consistent with the Department's practice, we have assigned to companies not individually examined the weighted-average dumping margin calculated for Xugong as the separate rate for this review. The revised weighted-average dumping margins for those companies are detailed below.

**Amended Final Results**

As a result of correcting this ministerial error, we determine that the following weighted-average dumping margins exist for the POR:

| Exporter | Weighted-average dumping margin (percent) |
|---|---|
| Xuzhou Xugong Tyres Co., Ltd., Armour Rubber Company Ltd., or Xuzhou Hanbang Tyre Co., Ltd ......... | 33.14 |
| Shiyan Desizheng Industry & Trade Co., Ltd ...................... | 33.14 |
| Qingdao Jinhaoyang International Co., Ltd .................... | 33.14 |
| Sailun Jinyu Group Co., Ltd ..... | 33.14 |
| Weifang Jintongda Tyre Co., Ltd .......................................... | 33.14 |
| Zhongce Rubber Group Company Limite ............................ | 33.14 |
| Weihai Zhongwei Rubber Co., Ltd .......................................... | 33.14 |
| Qingdao Qihang Tyre Co., Ltd.[10] ...................................... | 33.14 |
| Qingdao Free Trade Zone Full-World International Trading Co., Ltd ................................... | 33.14 |
| Trelleborg Wheel Systems (Xingtai) China, Co. Ltd[11] ..... | 33.14 |

The Department's determination in the *Final Results* that Guizhou Tyre Co.,

Ltd. (GTC) and Guizhou Tyre Import and Export Co., Ltd. (GTCIE),[12] Aeolus Tyre Co., Ltd., and Tianjin Leviathan International Trade Co., Ltd., are part of the PRC-wide entity remains unchanged.[13]

**Disclosure**

We intend to disclose the calculations performed regarding these amended final results within five days of the date of publication of this notice to parties in this proceeding, in accordance with 19 CFR 351.224(b).

**Assessment Rates**

The Department shall determine, and CBP shall assess, antidumping duties on all appropriate entries covered by this review pursuant to section 751(a)(2)(C) of the Act and 19 CFR 351.212(b)(1).[14] The Department intends to issue assessment instructions directly to CBP 15 days after the date of publication of these amended final results of administrative review.

For Xugong, the Department calculated importer-specific assessment rates on the basis of the ratio of the total amount of dumping calculated for the importer's examined sales to the total entered value of sales, in accordance with 19 CFR 351.212(b)(1). For customers or importers of Xugong for which we do not have entered values, we calculated importer- (or customer-) specific antidumping duty assessment amounts based on the ratio of the total amount of dumping duties calculated for the examined sales of subject merchandise to the total sales quantity of those same sales.[15] For customers or importers of Xugong for which we received entered-value information, we have calculated importer- (or customer-) specific antidumping duty assessment rates based on importer- (or customer-) specific *ad valorem* rates.[16] Where an importer- or (customer-) specific *ad valorem* rate is greater than *de minimis*, the Department will instruct CBP to collect the appropriate duties at the time of liquidation.[17] For the non-examined separate rate companies, we will

instruct CBP to liquidate all appropriate entries at 33.14 percent. For those entities that are subject to this review that the Department has determined are part of the PRC-wide entity (*i.e.*, GTC and GTCIE, Aeolus Tyre Co., Ltd., and Tianjin Leviathan International Trade Co., Ltd.), we will instruct CBP to liquidate all appropriate entries at the PRC-wide rate of 105.31 percent.[18] Pursuant to a refinement in the Department's non-market economy (NME) practice, for entries that were not reported in the U.S. sales databases submitted by companies individually examined during this review, the Department will instruct CBP to liquidate such entries at the PRC-wide rate.[19] In addition, if the Department determines that an exporter under review had no shipments of subject merchandise, any suspended entries that entered under that exporter's case number (*i.e.*, at that exporter's rate) will be liquidated at the PRC-wide rate.

**Cash Deposit Requirements**

The following cash deposit requirements will be effective for all shipments of the subject merchandise entered, or withdrawn from warehouse, for consumption on or after April 21, 2017, the publication date of the *Final Results* of this administrative review, as provided by section 751(a)(2)(C) of the Act: (1) For the exporters listed above, the cash deposit rate will be equal to the weighted-average dumping margin identified in the "Amended Final Results" section of this notice, above; (2) for previously investigated or reviewed PRC and non-PRC exporters that are not under review in this segment of the proceeding but that received a separate rate in a previous segment, the cash deposit rate will continue to be the exporter-specific rate (or exporter-producer chain rate) published for the most recently completed segment of this proceeding in which the exporter was reviewed; (3) for all PRC exporters of subject merchandise which have not been found to be entitled to a separate rate, the cash deposit rate will be the PRC-wide rate of 105.31 percent;[20] and (4) for all non-PRC exporters of subject merchandise which have not received

---

[9] *See, e.g., Preliminary Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances: Certain Polyester Staple Fiber from the People's Republic of China,* 71 FR 77373, 77377 (December 26, 2006), unchanged in *Final Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances: Certain Polyester Staple Fiber from the People's Republic of China,* 72 FR 19690 (April 19, 2007).

[10] The Department intended to grant Qingdao Qihang Tyre Co., Ltd. a separate rate in the *Final Results. See* Qihang's December 6, 2015 Separate Rate Certification. However, we incorrectly referred to this company as "Qingdao Qihang Tyre Co.," in the *Final Results* and accompanying Issues and Decision Memorandum. Accordingly, we have corrected the name of this company in these *Amended Final Results.*

[11] In the *Final Results* the Department granted Trelleborg Wheel Systems (Xingtai) China, Co. Ltd (TWS) a separate rate. However, we note that TWS is also known as Trelleborg Wheel Systems (Xingtai) Co., Ltd. *See* TWS's November 12, 2105

Entry of Appearance and TWS's November 20, 2015 Separate Rate Certification.

[12] We incorrectly referred to the this company as "Guizhou Tyre Import and Export Corporation," and have corrected the name in these *Amended Final Results.*

[13] *See Final Results,* 82 FR at 18735.

[14] *See Antidumping Proceeding: Calculation of the Weighted-Average Dumping Margin and Assessment Rate in Certain Antidumping Duty Proceedings; Final Modification,* 77 FR 8103 (February 14, 2012) ("*NME Antidumping Proceedings*").

[15] *See* 19 CFR 351.212(b)(1).

[16] *Id.*

[17] *Id.*

[18] The PRC-wide rate was determined in *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2012–2013,* 80 FR 20197 (April 15, 2015).

[19] *See Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties,* 76 FR 65694 (October 24, 2011).

[20] *See Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2012–2013,* 80 FR 20197 (April 15, 2015).

their own rate, the cash deposit rate will be the rate applicable to the PRC exporter(s) that supplied that non-PRC exporter. These cash deposit requirements, when imposed, shall remain in effect until further notice.

**Notification to Importers**

This notice serves as a final reminder to importers of their responsibility under 19 CFR 351.402(f)(2) to file a certificate regarding the reimbursement of antidumping and/or countervailing duties prior to liquidation of the relevant entries during this review period. Failure to comply with this requirement could result in the Secretary's presumption that reimbursement of the antidumping and/or countervailing duties occurred and the subsequent assessment of double antidumping duties.

**Administrative Protective Order**

This notice also serves as a reminder to parties subject to administrative protective order (APO) of their responsibility concerning the return or destruction of proprietary information disclosed under the APO in accordance with 19 CFR 351.305(a)(3), which continues to govern business proprietary information in this segment of the proceeding. Timely written notification of the return/destruction of APO materials or conversion to judicial protective order is hereby requested. Failure to comply with the regulations and terms of an APO is a violation which is subject to sanction.

We are issuing and publishing these amended final results of administrative review in accordance with sections 751(a)(1) and 777(i) of the Act.

Dated: June 7, 2017.

**Ronald K. Lorentzen,**

*Acting Assistant Secretary for Enforcement and Compliance.*

[FR Doc. 2017–12303 Filed 6–13–17; 8:45 am]

**BILLING CODE 3510–DS–P**

---

**DEPARTMENT OF COMMERCE**

**International Trade Administration**

[A–570–937]

**Citric Acid and Certain Citrate Salts From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2015–2016**

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (the Department) published the Preliminary Results of the seventh administrative review of the antidumping duty order on citric acid and certain citrate salts (citric acid) from the People's Republic of China (PRC) on February 8, 2017. The period of review (POR) for the administrative review is May 1, 2015, through April 30, 2016. The review was initiated with respect to twenty companies. After rescinding the review with respect to RZBC Co., Ltd., RZBC Import & Export Co., Ltd., and RZBC (Juxian) Co., Ltd. (collectively, RZBC) at the *Preliminary Results,* seventeen companies remain under review. The Department finds that fifteen companies, including mandatory respondent Laiwu Taihe Biochemistry Co., Ltd. (Taihe), are part of the PRC-wide entity, and two companies had no shipments of subject merchandise during the POR. We gave interested parties an opportunity to comment on the *Preliminary Results.* No parties commented. Our final results remain unchanged from the *Preliminary Results.*

**DATES:** Effective June 14, 2017.

**FOR FURTHER INFORMATION CONTACT:** Krisha Hill, Office IV, Enforcement & Compliance, International Trade Administration, Department of Commerce, 1401 Constitution Avenue NW., Washington, DC 20230; telephone: (202) 482–4037.

**SUPPLEMENTARY INFORMATION:**

**Background**

On February 8, 2017, the Department published the *Preliminary Results.*[1] We invited interested parties to submit comments on the *Preliminary Results,* but we received no comments.

**Scope of the Order**

The products covered by the order include the hydrous and anhydrous forms of citric acid, the dihydrate and anhydrous forms of sodium citrate, otherwise known as citric acid sodium salt, and the monohydrate and monopotassium forms of potassium citrate. Sodium citrate also includes both trisodium citrate and monosodium citrate, which are also known as citric acid trisodium salt and citric acid monosodium salt, respectively. Citric acid and sodium citrate are classifiable under 2918.14.0000 and 2918.15.1000 of the Harmonized Tariff Schedule of the United States (HTSUS), respectively.

Potassium citrate and crude calcium citrate are classifiable under 2918.15.5000 and 3824.90.9290 of the HTSUS, respectively. Blends that include citric acid, sodium citrate, and potassium citrate are classifiable under 3824.90.9290 of the HTSUS. Although the HTSUS subheadings are provided for convenience and customs purposes, the written description of the merchandise is dispositive.[2]

**Final Determination of No Shipments**

In the *Preliminary Results,* the Department determined Niran (Thailand) Co., Ltd. (Niran) and Niran Biochemical Limited (Niran Biochemical) had no reviewable transactions during the POR.[3] We received no comments concerning our finding of no shipments by Niran and Niran Biochemical. In these final results of review, we continue to find that Niran and Niran Biochemical had no shipments of subject merchandise during the POR.

**Separate Rates**

The Department considers fifteen companies listed in the *Initiation Notice,* including Taihe, to be part of the PRC-wide entity. Because Taihe did not respond to the Department's original questionnaire and did not provide separate rate information, Taihe has not established its eligibility for separate rate status. Furthermore, the remaining fourteen companies failed to provide separate rate applications or separate rate certifications necessary to establish their eligibility for a separate rate.[4] Therefore, the Department determines that these fifteen companies, including Taihe, are not eligible for a separate rate and are part of the PRC-wide entity. Accordingly, the Department determined a rate consistent with the Department's current practice regarding conditional review of the PRC-wide entity.[5]

---

[1] *See Citric Acid and Certain Citrate Salts From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Preliminary Determination of No Shipments, and Preliminary Partial Rescission of Antidumping Duty Administrative Review; 2015–2016,* 82 FR 9722 (February 8, 2017) (*Preliminary Results*).

[2] *See Citric Acid and Certain Citrate Salts from Canada and the People's Republic of China: Antidumping Duty Orders,* 74 FR 25703 (May 29, 2009) for a full description of the scope of the order.

[3] *See Preliminary Results,* 82 FR at 9722.

[4] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 81 FR 44260, 44265 (July 7, 2016) (*Initiation Notice*).

[5] *See Preliminary Results* and accompanying Decision Memorandum at 4. *See also Antidumping Proceedings: Announcement of Change in Department Practice for Respondent Selection in Antidumping Duty Proceedings and Conditional Review of the Nonmarket Economy Entity in NME Antidumping Duty Proceedings,* 78 FR 65963, 65970 (November 4, 2013). Under this practice, the PRC-wide entity will not be under review unless a party specifically requests, or the Department self-initiates, a review of the entity. Because no party requested a review of the PRC-wide entity, the entity is not under review and the entity's rate is not subject to change.

APPEAL,CONSOLIDATION,TERMINATED

# U.S. Court of International Trade
## LIVE Database (New York)
### CIT DOCKET FOR CASE #: 1:17-cv-00100-TCS

Guizhou Tyre Co., Ltd. et al v. United States
**Assigned to:** Timothy C. Stanceu
**Lead Docket:**

| | |
|---|---|
| **Jurisdiction:** | **Date Filed:** 05/04/2017 |
| 28USC § 1581(c) Antidumping or Countervailing Duty Determination(s) | **Jury Demand:** No |

**Date Terminated:** 05/18/2023

**Category:**
Final Determination: 751 Periodic Review 19USC § 1516a(a)(2)(B)(iii)

**Date Reopened:**

**Does this action raise an issue of constitutionality?:** N

**Agency:**
U.S. Department of Commerce

**Product Description:**
Certain new pneumatic Off-the-road tires

**Export Country:**
China

**Plaintiff**

| | | |
|---|---|---|
| **Guizhou Tyre Co., Ltd.** | represented by | **Ned Herman Marshak**<br>Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP<br>599 Lexington Avenue<br>36th Floor<br>New York, NY 10022<br>(212) 557-4000<br>Fax: (212) 557-4415<br>Email: nmarshak@gdlsk.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>***ATTORNEY IN SEALED GROUP***<br>***Bar Status: ACTIVE***<br><br>**Andrew Thomas Schutz**<br>Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP<br>1201 New York Avenue, NW.<br>Suite 650<br>Washington, DC 20005 |

Appx205

(202) 661-7795
Fax: (202) 783-0405
Email: aschutz@gdlsk.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brandon Michael Petelin**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 783-6881
Fax: (202) 783-0405
Email: bpetelin@gdlsk.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Dharmendra Narain Choudhary**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 661-7786
Fax: (202) 783-0405
Email: dchoudhary@gdlsk.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Elaine Fang Wang**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 661-7784
Fax: (202) 783-0405
Email: ewang@gdlsk.com
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Jordan Charles Kahn**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 783-6881
Fax: (202) 783-0405
Email: jkahn@gdlsk.com

*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Mark E. Pardo**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 783-6881
Fax: (202) 783-0405
***TERMINATED: 06/23/2017***
***Bar Status: INACTIVE***

**Plaintiff**

| | | |
|---|---|---|
| **Guizhou Tyre Import and Export Co., Ltd.** | represented by | **Ned Herman Marshak** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Andrew Thomas Schutz**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Dharmendra Narain Choudhary**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Elaine Fang Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Mark E. Pardo**
(See above for address)

*TERMINATED: 06/23/2017*
***Bar Status: INACTIVE***

**Consolidated Plaintiff**

**Aeolus Tyre Co., Ltd.**                represented by    **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Andrew Thomas Schutz**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Elaine Fang Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Eve Qiwei Wang**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 661-7781
Fax: (202) 783-0405
Email: eqwang@gdlsk.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Mark E. Pardo**
(See above for address)
*TERMINATED: 06/23/2017*
***Bar Status: INACTIVE***

**Consolidated Plaintiff**

Appx208

**Qingdao Free Trade Zone Full-World International Trading Co., Ltd.**

represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Andrew Thomas Schutz**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Elaine Fang Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Mark E. Pardo**
(See above for address)
***TERMINATED: 06/23/2017***
***Bar Status: INACTIVE***

**Consolidated Plaintiff**

**Xuzhou Xugong Tyres Co., Ltd.**

represented by **Richard Preston Ferrin**
Faegre Drinker Biddle & Reath, LLP
1500 K Street, NW.
Washington, DC 20005
(202) 230-5803
Fax: (202) 842-8465
Email: richard.ferrin@faegredrinker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Douglas John Heffner**
Faegre Drinker Biddle & Reath, LLP
1500 K Street, NW.
Suite 1100
Washington, DC 20005-1209
(202) 230-5802

Fax: (202) 842-8465
Email: douglas.heffner@faegredrinker.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

## Consolidated Plaintiff

**Trelleborg Wheel Systems (Xingtai) Co., Ltd.**

represented by **Richard Preston Ferrin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Douglas John Heffner**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

## Consolidated Plaintiff

**Qingdao Qihang Tyre Co., Ltd.**

represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Andrew Thomas Schutz**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Elaine Fang Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Eve Qiwei Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*

U.S. Court of International Trade (LIVE Database)

*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Mark E. Pardo**
(See above for address)
*TERMINATED: 06/23/2017*
*Bar Status: INACTIVE*

**Consolidated Plaintiff**

**Weihai Zhongwei Rubber Co., Ltd.**          represented by **Robert Kevin Williams**
Clark Hill PLC
130 E. Randolph Street
Suite 3900
Chicago, IL 60601
(312) 985-5907
Fax: (312) 985-5999
Email: kwilliams@clarkhill.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: ACTIVE*

**Lara A. Austrins**
Clark Hill PLC
130 E. Randolph Street
Suite 3900
Chicago, IL 60601
(312) 985-5571
Fax: (312) 985-5999
*ATTORNEY TO BE NOTICED*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Consolidated Plaintiff**

**Titan Tire Corporation**          represented by **William A. Fennell**
*TERMINATED: 06/26/2017*          Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1246
Fax: (202) 466-1286
Email: wfennell@stewartlaw.com
*TERMINATED: 09/29/2017*
*LEAD ATTORNEY*
*Bar Status: ACTIVE*

**Elizabeth Jackson Drake**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1254
Fax: (202) 466-1286
Email: general@stewartlaw.com
*TERMINATED: 09/29/2017*

*Bar Status: ACTIVE*

**Lane Steven Hurewitz**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1250
Fax: (202) 466-1286
Email: lhurewitz@stewartlaw.com
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Nicholas Joel Birch**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1280
Fax: (202) 466-1286
Email: nbirch@stewartlaw.com
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Terence Patrick Stewart**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1241
Fax: (202) 466-1286
Email: tstewart@stewartlaw.com
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Consolidated Plaintiff**

**United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL–CIO–CLC**
*TERMINATED: 06/26/2017*

represented by **William A. Fennell**
(See above for address)
*TERMINATED: 09/29/2017*
*LEAD ATTORNEY*
*Bar Status: ACTIVE*

**Elizabeth Jackson Drake**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Lane Steven Hurewitz**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Nicholas Joel Birch**
(See above for address)

*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Terence Patrick Stewart**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Defendant**

**United States**                    represented by  **John J. Todor**
U.S. Department of Justice
Commercial Litigation Branch - Civil
Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 616-2382
Fax: (202) 514-8640
Email: john.todor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Franklin Elgin White , Jr.**
U.S. Department of Justice
Commercial Litigation Branch - Civil
Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 307-6462
Fax: (202) 514-7969
Email: franklin.white@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: ACTIVE*

**Heather Noel Doherty**
Of Counsel
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW.
Room 3627
Washington, DC 20230-0001
(202) 482-4378
Fax: (202) 501-8045
*TERMINATED: 09/05/2017*
*Bar Status: ACTIVE*

**Paul Kent Keith**
Of Counsel
U.S. Department of Commerce
Office of Chief Counsel for Trade

Enforcement and Compliance
1401 Constitution Avenue, NW.
Suite 3623
Washington, DC 20230
(202) 482-1767
Fax: (202) 482-4912
Email: paul.keith@trade.gov
*ATTORNEY TO BE NOTICED*
**ATTORNEY IN SEALED GROUP**
***Bar Status: ACTIVE***

**Zachary Scott Simmons**
Of Counsel
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW.
Washington, DC 20230
(202) 482-4044
Fax: (202) 501-8045
***TERMINATED: 10/03/2018***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**Titan Tire Corporation**
***TERMINATED: 09/29/2017***

represented by **William A. Fennell**
(See above for address)
***TERMINATED: 09/29/2017***
*LEAD ATTORNEY*
***Bar Status: ACTIVE***

**Elizabeth Jackson Drake**
(See above for address)
***TERMINATED: 09/29/2017***
***Bar Status: ACTIVE***

**Geert M. De Prest**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1245
Fax: (202) 466-1286
Email: gdeprest@stewartlaw.com
***TERMINATED: 09/29/2017***
***Bar Status: ACTIVE***

**Jennifer Michele Smith**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1278
Fax: (202) 466-1286
Email: jsmith@stewartlaw.com

*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Lane Steven Hurewitz**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Leah N. Scarpelli**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1275
Fax: (202) 466-1286
Email: leah.scarpelli@afslaw.com
*TERMINATED: 08/23/2017*
*Bar Status: ACTIVE*

**Nicholas Joel Birch**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Patrick John McDonough**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1256
Fax: (202) 466-1286
Email: pmcdonough@stewartlaw.com
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Philip Andrew Butler**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1240
Fax: (202) 466-1286
Email: pbutler@stewartlaw.com
*TERMINATED: 09/29/2017*
*Bar Status: INACTIVE*

**Sahar Jehan Hafeez**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1290
Fax: (202) 466-1286
*TERMINATED: 09/29/2017*

*Bar Status: ACTIVE*

**Terence Patrick Stewart**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC**
*TERMINATED: 09/29/2017*

represented by **William A. Fennell**
(See above for address)
*TERMINATED: 09/29/2017*
*LEAD ATTORNEY*
*Bar Status: ACTIVE*

**Elizabeth Jackson Drake**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Geert M. De Prest**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Jennifer Michele Smith**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Lane Steven Hurewitz**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Leah N. Scarpelli**
(See above for address)
*TERMINATED: 08/23/2017*
*Bar Status: ACTIVE*

**Nicholas Joel Birch**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Patrick John McDonough**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Philip Andrew Butler**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: INACTIVE*

**Sahar Jehan Hafeez**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

**Terence Patrick Stewart**
(See above for address)
*TERMINATED: 09/29/2017*
*Bar Status: ACTIVE*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2017 | 1 | Summons *filed by Guizhou Tyre*. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Import and Export Co., Ltd., Guizhou Tyre Co., Ltd.. (Wang, Elaine) (Entered: 05/04/2017) |
| 05/04/2017 | 2 | Form 5 Information Statement *for Guizhou Tyre*. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Wang, Elaine) (Entered: 05/04/2017) |
| 05/04/2017 | 3 | Form 13 Corporate Disclosure Statement *for Guizhou Tyre*. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Wang, Elaine) (Entered: 05/04/2017) |
| 05/04/2017 | 4 | Form 11 Notice of Appearance *for Guizhou Tyre*. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd..(Wang, Elaine) (Entered: 05/04/2017) |
| 05/04/2017 | 5 | Form 17 Business Proprietary Information Certification filed on behalf of *Mark E. Pardo, Andrew Schutz, Brandon Petelin, Elaine Wang and Dharmendra, Choudary*. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Wang, Elaine) (Entered: 05/04/2017) |
| 05/04/2017 | 6 | Complaint *by Guizhou Tyre* against United States. Administrative Record due by 6/19/2017. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Import and Export Co., Ltd., Guizhou Tyre Co., Ltd..(Wang, Elaine) (Entered: 05/04/2017) |
| 05/04/2017 | 7 | Certificate of service *for Summons, Complaint, and Other Initiation Papers*. Filed by Brandon Michael Petelin of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Petelin, Brandon) (Entered: 05/04/2017) |
| 05/08/2017 | 8 | Summons served by Clerk's Office upon Plaintiff and appropriate Government Agency/Agencies . (Benbow, Troy) (Entered: 05/08/2017) |
| 05/09/2017 | 9 | Consent Application/Motion for preliminary injunction . Responses due by 5/30/2017. Filed by Elaine Fang Wang of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd..(Wang, Elaine) (Entered: 05/09/2017) |
| 05/12/2017 | 10 | Order entered on 5/12/2017 granting Consent Motion for preliminary injunction (Related Doc # 9 ). (Goell, Geoffrey) (Entered: 05/12/2017) |
| 05/12/2017 | 11 | Form 11 Notice of Appearance . Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 05/12/2017) |

| 05/18/2017 | 12 | Form 11 Notice of Appearance . Filed by Zachary Scott Simmons of U.S. Department of Commerce on behalf of United States.(Simmons, Zachary) (Entered: 05/18/2017) |
|---|---|---|
| 05/26/2017 | 13 | Consent Motion to Intervene as defendant intervenor *and proposed Order thereto*. Responses due by 6/14/2017. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC.(Fennell, William) (Entered: 05/26/2017) |
| 05/26/2017 | 14 | Form 13 Corporate Disclosure Statement . Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation. (Fennell, William) (Entered: 05/26/2017) |
| 05/26/2017 | 15 | Form 13 Corporate Disclosure Statement . Filed by William A. Fennell of Stewart and Stewart on behalf of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 05/26/2017) |
| 05/26/2017 | 16 | Form 11 Notice of Appearance *(s) for William A. Fennell, lead attorney; Terence P. Stewart, Geert De Prest, Elizabeth J. Drake, Philip A. Butler, Jennifer M. Smith, Lane S. Hurewitz, Patrick J. McDonough, Nicholas J. Birch, Sahar J. Hafeez, Leah N. Scarpelli, attorneys.* Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC.(Fennell, William) (Entered: 05/26/2017) |
| 05/26/2017 | 17 | Form 17 Business Proprietary Information Certification filed on behalf of *William A. Fennell, Terence P. Stewart, Geert De Prest, Elizabeth J. Drake, Philip A. Butler, Jennifer M. Smith, Lane S. Hurewitz, Patrick J. McDonough, Nicholas J. Birch, Sahar J. Hafeez, Leah N. Scarpelli, attorneys*. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 05/26/2017) |
| 05/26/2017 | 18 | Form 17 Business Proprietary Information Certification filed on behalf of *David De Prest, trade consultant*. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 05/26/2017) |
| 05/26/2017 | 19 | Certificate of service *for consent motion to intervene and proposed Order thereto, Form 13s, Form 11s and Form 17s* (related document(s) 13 , 18 , 15 , 16 , 14 , 17 ). Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 05/26/2017) |
| 05/30/2017 | 20 | Order entered on 5/30/2017 Granting Titan Tire Corporation and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC Consent Motion to intervene as Defendant-Intervenors (Related Doc # 13 ).. (Benbow, Troy) (Entered: 05/30/2017) |
| 06/05/2017 | 21 | Form 17 Business Proprietary Information Certification filed on behalf of *Rui Fan, trade consultant*. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 06/05/2017) |
| 06/05/2017 | 22 | Consent Motion to consolidate case(s) 17-00100, 17-00102, 17-00103, 17-00104, 17-00111, 17-00113, 17-00123, 17-00126 with lead case 17-00100 . Responses due by |

| | | |
|---|---|---|
| | | 6/26/2017. Filed by Franklin E. White of U.S. Department of Justice on behalf of United States.(White, Franklin) (Entered: 06/05/2017) |
| 06/15/2017 | 23 | Consent Motion for leave to *retroactively validate amended final results*. Responses due by 7/5/2017. Filed by Franklin E. White of U.S. Department of Justice on behalf of United States.(White, Franklin) (Entered: 06/15/2017) |
| 06/16/2017 | 24 | Order entered on 6/16/2017 granting Consent Motion to consolidate Court Nos. 17-00102, 17-00103, 17-00104, 17-00111, 17-00113, 17-00123 & 17-00126 under this lead case (Related Doc # 22 ). (Goell, Geoffrey) (Entered: 06/16/2017) |
| 06/19/2017 | 25 | Order entered on 6/19/2017 granting Consent Motion for leave to retroactively validate amended final results (Related Doc # 23 ). (Goell, Geoffrey) (Entered: 06/19/2017) |
| 06/19/2017 | 26 | Administrative Record Index for filed . Filed by Zachary Scott Simmons of U.S. Department of Commerce on behalf of United States. (Simmons, Zachary) (Entered: 06/19/2017) |
| 06/23/2017 | 27 | Form 11 Notice of Appearance *of Ned H. Marshak*. Filed by Andrew Thomas Schutz of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd.. (Schutz, Andrew) (Entered: 06/23/2017) |
| 06/23/2017 | 28 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Mark E. Pardo*. Filed by Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd.. (Attachments: # 1 Exhibit)(Marshak, Ned) (Entered: 06/23/2017) |
| 06/23/2017 | 29 | Consent Motion to sever *Court No. 17-00126 from the lead case, Consolidated Court No. 17-00100*. Responses due by 7/12/2017. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC.(Fennell, William) (Entered: 06/23/2017) |
| 06/26/2017 | 30 | Order entered on 6/26/2017 granting Motion to sever Court No. 17-00126 from this lead case (Related Doc # 29 ). (Goell, Geoffrey) (Entered: 06/26/2017) |
| 06/28/2017 | 31 | Form 11 Notice of Appearance . Filed by Heather Noel Doherty of U.S. Department of Commerce on behalf of United States.(Doherty, Heather) (Entered: 06/28/2017) |
| 06/28/2017 | 32 | Order entered on 6/28/2017, assigning action to Judge Timothy C. Stanceu.(Love, Cynthia) (Entered: 06/28/2017) |
| 07/11/2017 | 33 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Sahar J. Hafeez, attorney*. Filed by Elizabeth Jackson Drake of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, United States, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC (Drake, Elizabeth) (Entered: 07/11/2017) |
| 07/12/2017 | 34 | Letter - *Notice of Withdrawal of Attorney of Record, Sahar J. Hafeez*. Filed by Elizabeth Jackson Drake of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service |

|  |  | Workers International Union, AFL-CIO, CLC, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC (Drake, Elizabeth) (Entered: 07/12/2017) |
| --- | --- | --- |
| 07/13/2017 | 35 | Rule 16 notice . *Parties are directed to file with the Clerk a Joint Status report and proposed briefing schedule by August 17, 2017....* (Love, Cynthia) (Entered: 07/13/2017) |
| 08/17/2017 | 36 | Joint status report and proposed briefing schedule *in Consolidated Case No 17-100*. Filed by Brandon Michael Petelin of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Petelin, Brandon) (Entered: 08/17/2017) |
| 08/18/2017 | 37 | Form 11 Notice of Appearance *for Jordan C. Kahn*. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 08/18/2017) |
| 08/18/2017 | 38 | Form 17 Business Proprietary Information Certification filed on behalf of *Jordan C. Kahn*. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 08/18/2017) |
| 08/21/2017 | 39 | Scheduling Order entered on 8/21/2017: ORDERED that the briefing of this action shall proceed in accordance with the schedule set forth below: 1. Plaintiffs USCIT R. 56.2 Motions and Briefs December 15, 2017. 2. Defendant and Consolidated Defendant-Intervenors Responses April 16, 2018 3. Plaintiffs Replies May 31, 2018 4. Requests for Oral Argument June 21, 2018 Further, it is ORDERED that plaintiffs opening briefs will be subject to a limit of 14,000 words, defendant and defendant-intervenors briefs will be subject to a limit of 28,000 words, and plaintiffs reply briefs will be subject to a limit of 7,000 words. (Love, Cynthia) (Entered: 08/21/2017) |
| 08/23/2017 | 40 | Notice of Letter *of Withdrawal of Defendant-Intervenors*. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 08/23/2017) |
| 08/23/2017 | 41 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Titan and the USW*. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. (Fennell, William) (Entered: 08/23/2017) |
| 08/28/2017 | 42 | Consent Motion to withdraw *as Defendant-Intervenors*. Responses due by 9/18/2017. Filed by William A. Fennell of Stewart and Stewart on behalf of Titan Tire Corporation, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC.(Fennell, William) (Entered: 08/28/2017) |
| 09/29/2017 | 43 | Order entered on 9/29/2017 granting Motion to withdraw as defendant-intervenors. ORDERED that Titan and the USW are hereby withdrawn as defendant-intervenors in Guizhou Tyre Co., Ltd. et al v. United States, Ct. No. 17-00100, and the cases consolidated under that lead case, Aeolus Tyre Co., Ltd., v. United States, Ct. No. 17-00102; Qingdao Free Trade Zone Full-World International Trading Co., Ltd. v. United States, Ct. No. 17- 00103; Xuzhou Xugong Tyres Co., Ltd. v. United States, Ct. No. 17-00104; Trelleborg Wheel Systems (Xingtai) Co. Ltd. v. United States, Ct. No. 17-00111; |

| | | |
|---|---|---|
| | | Qingdao Qihang Tyre Co., Ltd. v. United States, Ct. No. 17-00113; and Weihai Zhongwei Rubber Co., Ltd. v. United States, Ct. No. 17-00123. (Related Doc # 42 ). (Love, Cynthia) (Entered: 09/29/2017) |
| 11/22/2017 | 44 | Consent Motion for extension of time until 1/16/2018 to *file Rule 56.2 Motions and to Amend Scheduling Order*. Responses due by 12/11/2017. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd.. (Attachments: # 1 Proposed Order)(Kahn, Jordan) (Entered: 11/22/2017) |
| 11/27/2017 | 45 | Order entered on 11/27/2017 granting Motion for extension of time (Related Doc # 44 ). Plaintiffs USCIT R. 56.2 Motions and Briefs due by 1/16/2018. Defendant's Response to Dispositive Motion due by 5/18/2018. Plaintiffs' Replies due by 7/2/2018. Any motion for oral argument due by 7/23/2018. (Love, Cynthia) (Entered: 11/27/2017) |
| 01/02/2018 | 46 | Consent Motion for extension of time until 1/30/2018 to file brief *and amend scheduling order* (related document(s) 45 ). Responses due by 1/22/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, Richard Preston Ferrin of Drinker Biddle & Reath, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd., Xuzhou Xugong Tyres Co., Ltd..(Ferrin, Richard) (Entered: 01/02/2018) |
| 01/08/2018 | 47 | Order entered on 1/8/2018, granting consent Motion for extension of time to file brief. ORDERED that the Scheduling Order entered on November 27, 2017, is hereby amended as follows: Plaintiffs' and Consolidated Plaintiffs' R. 56.2 Motions and Briefs due on or before January 30, 2018. Defendant's Response due on or before June 1, 2018. Plaintiffs' and Consolidated Plaintiffs' Replies due on or before July 16, 2018. Request for Oral Argument due on or before August 6, 2018. (Related Doc # 46 ). (Taronji, Steve) (Entered: 01/08/2018) |
| 01/30/2018 | 48 | Confidential Motion for judgment on agency record 56.2 *and accompanying brief*. Response to 56.2 Motion due by 6/1/2018. Filed by Richard Preston Ferrin of Drinker Biddle & Reath, LLP on behalf of Xuzhou Xugong Tyres Co., Ltd..(Ferrin, Richard) Modified on 1/30/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 49 | Public Motion for judgment on agency record 56.2 *and accompanying brief*. Response to 56.2 Motion due by 6/1/2018. Filed by Richard Preston Ferrin of Drinker Biddle & Reath, LLP on behalf of Xuzhou Xugong Tyres Co., Ltd..(Ferrin, Richard) Modified on 1/30/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 50 | Motion for judgment on agency record 56.2 *and accompanying brief*. Response to 56.2 Motion due by 6/1/2018. Filed by Richard Preston Ferrin of Drinker Biddle & Reath, LLP on behalf of Trelleborg Wheel Systems (Xingtai) Co., Ltd..(Ferrin, Richard) Modified on 1/30/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 51 | Confidential Motion for judgment on agency record 56.2 *and accompanying brief of Plaintiff Guizhou Tyre*. Response to 56.2 Motion due by 6/1/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 Proposed Order)(Kahn, Jordan) Modified on 1/31/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 52 | Public Motion for judgment on agency record 56.2 *and accompanying brief of Plaintiff Guizhou Tyre*. Response to 56.2 Motion due by 6/1/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre |

| | | |
|---|---|---|
| | | Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 Proposed Order) (Kahn, Jordan) Modified on 1/31/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 53 | Motion for judgment on agency record 56.2 *and accompanying brief of consolidated Plaintiff Qihang*. Response to 56.2 Motion due by 6/1/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Qingdao Qihang Tyre Co., Ltd.. (Attachments: # 1 Proposed Order)(Kahn, Jordan) Modified on 1/31/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 54 | Motion for judgment on agency record 56.2 *and accompanying brief of consolidated Plaintiff Full World*. Response to 56.2 Motion due by 6/1/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Qingdao Free Trade Zone Full-World International Trading Co., Ltd.. (Attachments: # 1 Proposed Order)(Kahn, Jordan) Modified on 1/31/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 55 | Confidential Motion for judgment on agency record 56.2 *and accompanying brief of consolidated Plaintiff Aeolus*. Response to 56.2 Motion due by 6/1/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd.. (Attachments: # 1 Proposed Order)(Kahn, Jordan) Modified on 1/31/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 01/30/2018 | 56 | Public Motion for judgment on agency record 56.2 *and accompanying brief of consolidated Plaintiff Aeolus*. Response to 56.2 Motion due by 6/1/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd.. (Attachments: # 1 Proposed Order)(Kahn, Jordan) Modified on 1/31/2018 (Love, Cynthia). (Entered: 01/30/2018) |
| 02/01/2018 | 57 | Form 11 Notice of Appearance . Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States.(Keith, Paul) (Entered: 02/01/2018) |
| 06/01/2018 | 58 | Response to motion *For Judgment On The Agency Record* (related document(s) 55 , 53 , 48 , 51 , 54 , 49 , 52 , 50 , 56 ). Reply due by 7/16/2018. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) Modified on 6/4/2018 (Demb, Rebecca). (Entered: 06/01/2018) |
| 07/16/2018 | 59 | Reply *brief* (related document(s) 58 ). Filed by Richard Preston Ferrin of Drinker Biddle & Reath, LLP on behalf of Xuzhou Xugong Tyres Co., Ltd..(Ferrin, Richard) (Entered: 07/16/2018) |
| 07/16/2018 | 60 | Reply *Brief of Consolidated Plaintiff Aeolus* (related document(s) 58 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd..(Kahn, Jordan) (Entered: 07/16/2018) |
| 07/16/2018 | 61 | Reply *of Plaintiff Guizhou Tyre* (related document(s) 58 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd..(Kahn, Jordan) (Entered: 07/16/2018) |
| 07/30/2018 | 62 | Confidential Joint Appendix *Tabs 1-11* (related document(s) 55 , 54 , 60 , 61 , 58 , 53 , 48 , 51 , 50 , 59 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 Tab 12, # 2 Tab 13, # 3 Tabs 14-15, # 4 Tabs 16-26)(Kahn, Jordan) (Entered: 07/30/2018) |
| 07/30/2018 | 63 | Joint Appendix *(PUBLIC VERSION)* (related document(s) 62 , 53 , 54 , 49 , 52 , 60 , 50 , 56 , 61 , 58 , 59 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 07/30/2018) |

U.S. Court of International Trade (LIVE Database)

| | | |
|---|---|---|
| 08/06/2018 | 64 | Unopposed Motion for oral argument on Rule 56.2 Motion for Judgment on the Agency Record (related document(s) 55 , 56 ). Responses due by 8/27/2018. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd..(Kahn, Jordan) (Entered: 08/06/2018) |
| 08/16/2018 | 65 | Order entered on 8/16/2018 granting Motion for oral argument (Related Doc # 64 ). An oral argument is scheduled for 12/6/2018 11:00 AM in Courtroom No. 3 before Timothy C. Stanceu. (Love, Cynthia) (Entered: 08/16/2018) |
| 10/04/2018 | 66 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Zachary Simmons*. Filed by Jessica Rose DiPietro of U.S. Department of Commerce on behalf of United States (DiPietro, Jessica) (Entered: 10/04/2018) |
| 12/06/2018 | 67 | Oral argument held on 12/6/2018 at 11:00 am in courtroom 3 . (Demb, Rebecca) (Entered: 12/06/2018) |
| 05/24/2019 | 68 | Order entered on 5/24/2019, Slip opinion: 19-64. ORDERED that Commerce shall submit a new determination upon remand (Remand Redetermination) in which it reconsiders its decisions not to assign separate rates to GTC and Aeolus and redetermines the dumping margins for those respondents as required by its reconsideration of those decisions; it is further ORDERED that Commerce, in the Remand Redetermination, shall recalculate export price and constructed export price for Xugong without making deductions for Chinese value added tax; it is further ORDERED that Commerce will redetermine the weighted average dumping margin for Xugong and also the rates to be assigned to all other qualifying separate rate respondents that are plaintiffs in this action; it is further ORDERED that Commerce will submit its Remand Redetermination within 90 days of the date of this Opinion and Order; it is further ORDERED that comments of plaintiffs on the Remand Redetermination must be filed with the court no later than 30 days after the filing of the Remand Redetermination; and it is further ORDERED that the response of defendant to the aforementioned comments must befiled no later than 15 days from the date on which the last comment is filed.(related document(s) 55 , 53 , 48 , 51 , 54 , 49 , 52 , 50 , 56 ) (Attachments: # 1 Cited Webpage 1, # 2 Cited Webpage 2).(Love, Cynthia) (Entered: 05/24/2019) |
| 08/15/2019 | 69 | Consent Motion for extension of time until 9/23/2019 to *For The Department Of Commerce To File Its Remand Redetermination* (related document(s) 68 ). Responses due by 9/5/2019. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 08/15/2019) |
| 08/16/2019 | 70 | Order entered on 8/16/2019 granting Motion for extension of time. ORDERED that Commerce shall file its remand redetermination on or before September 23, 2019. (Related Doc # 69 ). (Love, Cynthia) (Entered: 08/16/2019) |
| 08/26/2019 | 71 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Terence P. Stewart*. Filed by Geert M. De Prest of Stewart and Stewart on behalf of The Florida Tomato Exchange, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC, The Timken Company, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Packaging Corporation of America (De Prest, Geert) (Entered: 08/26/2019) |
| 08/26/2019 | 72 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Lane S. Hurewitz*. Filed by Geert M. De Prest of Stewart and Stewart on behalf of The Timken Company, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Packaging Corporation of America, United Steel, Paper and Forestry, Rubber, |

|  |  | Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC (De Prest, Geert) (Entered: 08/26/2019) |
|---|---|---|
| 08/29/2019 | 73 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Patrick J. McDonough*. Filed by Geert M. De Prest of Stewart and Stewart on behalf of The Florida Tomato Exchange, The Timken Company, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Packaging Corporation of America, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC (De Prest, Geert) (Entered: 08/29/2019) |
| 09/23/2019 | 74 | Confidential Remand results filed by U.S. Department of Commerce . Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 BPI Remand Redetermination)(Keith, Paul) (Entered: 09/23/2019) |
| 09/23/2019 | 75 | [***NOTE: THIS DOCUMENT HAS BEEN SUPERSEDED BY DOC # 81***] Public Remand results filed by U.S. Department of Commerce . Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 Remand Redetermination)(Keith, Paul) Modified on 10/10/2019 (Love, Cynthia). (Entered: 09/23/2019) |
| 10/01/2019 | 76 | Consent Motion for errata to correct *Public Version Of Remand Results*. Filed with the Court electronically on 9/23/2019 as document number 75 (related document(s) 75 ). Responses due by 10/22/2019. Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Attachments: # 1 Errata)(Todor, John) (Entered: 10/01/2019) |
| 10/07/2019 | 77 | Administrative record for U.S. Department of Commerce filed *regarding remand results*. Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 Public Index, # 2 BPI Index, # 3 Declaration)(Keith, Paul) (Entered: 10/07/2019) |
| 10/08/2019 | 78 | Unopposed Motion for extension of time until 11/22/2019 to file brief *(Plaintiffs' Comments on Remand Redetermination)* (related document(s) 75 , 70 , 74 , 68 ). Responses due by 10/29/2019. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 Proposed Order) (Kahn, Jordan) (Entered: 10/08/2019) |
| 10/09/2019 | 79 | Order entered on 10/9/2019 granting Motion for extension of time to file Plaintiffs' Comments on Remand Redetermination. ORDERED that Plaintiff' Comments on Remand Redetermination shall be filed on or before November 22, 2019. (Related Doc # 78 ). (Love, Cynthia) (Entered: 10/09/2019) |
| 10/10/2019 | 80 | Order entered on 10/10/2019. ORDERED that the corrected public version of the Final Results of Redetermination Pursuant to Court Remand (Oct. 1, 2019), ECF No. 76-1, shall be substituted for the previously submitted public version of the Final Results of Redetermination Pursuant to Court Remand (Sept. 23, 2019), ECF No. 75-1 (now sealed); and it is further ORDERED that defendant, by October 24, 2019, shall file a submission informing the court of the circumstances that resulted in the occurrence that is the subject of this Order and the preventive actions that have been or will be taken to ensure that officials of the International Trade Administration comply with all requirements for the safeguarding of confidential information with respect to future submissions. See USCIT R. 73.2(c)(1). This submission may be filed under seal, with a corresponding public version, if it is deemed necessary and appropriate to do so.(Related Doc # 76 ). (Love, Cynthia) (Entered: 10/10/2019) |

| 10/10/2019 | 81 | Final Remand results filed by Department of Commerce . *(Corrected public version)*. (Love, Cynthia) (Entered: 10/10/2019) |
| 10/24/2019 | 82 | Response to Court's Request/Order *Of October 10, 2019*. Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Todor, John) (Entered: 10/24/2019) |
| 11/22/2019 | 83 | Comments on remand results (related document(s) 81 ). Filed by Richard Preston Ferrin of Drinker Biddle & Reath, LLP on behalf of Trelleborg Wheel Systems (Xingtai) Co., Ltd., Xuzhou Xugong Tyres Co., Ltd.. (Ferrin, Richard) (Entered: 11/22/2019) |
| 11/22/2019 | 84 | Confidential Comments on remand results (related document(s) 74 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 11/22/2019) |
| 11/22/2019 | 85 | Public Comments on remand results (related document(s) 84 , 81 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 11/22/2019) |
| 11/22/2019 | 86 | Confidential Comments on remand results (related document(s) 74 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 11/22/2019) |
| 11/22/2019 | 87 | Public Comments on remand results (related document(s) 86 , 81 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 11/22/2019) |
| 11/22/2019 | 88 | Comments on remand results (related document(s) 81 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 11/22/2019) |
| 12/02/2019 | 89 | Consent Motion for extension of time until 1/23/2020 *File Response To Comments On The Remand Redetermination* (related document(s) 86 , 87 , 88 , 83 , 85 , 84 ). Responses due by 12/23/2019. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 12/02/2019) |
| 12/02/2019 | 90 | Order entered on 12/2/2019, granting consent Motion for extension of time. ORDERED that defendant shall file its response to comments on the remand redetermination on or before January 23, 2020. (Related Doc # 89 ) (Taronji, Steve) (Entered: 12/02/2019) |
| 01/16/2020 | 91 | Consent Motion for extension of time until 2/7/2020 to *File Response To Comments On The Remand Redetermination* (related document(s) 86 , 87 , 88 , 83 , 85 , 84 ). Responses due by 2/6/2020. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 01/16/2020) |
| 01/17/2020 | 92 | Order entered on 1/17/2020 granting Motion for extension of time (Related Doc # 91 ). ORDERED that defendant shall file its response to comments on the remand redetermination on or before February 7, 2020. (Love, Cynthia) (Entered: 01/17/2020) |
| 01/31/2020 | 93 | Consent Motion for extension of time until 2/21/2020 to *file response to comments on remand determination*. Responses due by 2/21/2020. Filed by Vincent dePaul Phillips, Jr of U.S. Department of Justice on behalf of United States.(Phillips, Vincent) (Entered: 01/31/2020) |
| 01/31/2020 | 94 | Order entered on 1/31/2020 granting Motion for extension of time (Related Doc # 93 ). ORDERED that defendant shall file its response to comments on the remand |

| | | determination on or before February 21, 2020. (Love, Cynthia) (Entered: 01/31/2020) |
|---|---|---|
| 02/03/2020 | 95 | Form 11 Notice of Appearance *of Richard P. Ferrin, to reflect name change of law firm*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Trelleborg Wheel Systems (Xingtai) Co., Ltd., Xuzhou Xugong Tyres Co., Ltd..(Ferrin, Richard) (Entered: 02/03/2020) |
| 02/03/2020 | 96 | Form 11 Notice of Appearance *of Douglas J. Heffner, to reflect name change of law firm*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Trelleborg Wheel Systems (Xingtai) Co., Ltd., Xuzhou Xugong Tyres Co., Ltd..(Ferrin, Richard) (Entered: 02/03/2020) |
| 02/21/2020 | 97 | Confidential Reply to comments on remand results (related document(s) 86 , 87 , 88 , 83 , 85 , 84 ). Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Todor, John) (Entered: 02/21/2020) |
| 02/24/2020 | 98 | Public Reply to comments on remand results (related document(s) 86 , 87 , 88 , 83 , 84 ). Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Todor, John) (Entered: 02/24/2020) |
| 03/06/2020 | 99 | Confidential Joint Appendix *(Part 1)* (related document(s) 86 , 87 , 85 , 97 , 84 , 98 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 Appendix (Part 2))(Kahn, Jordan) (Entered: 03/06/2020) |
| 03/06/2020 | 100 | Joint Appendix *(PUBLIC VERSION)* (related document(s) 99 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 03/06/2020) |
| 04/30/2021 | 101 | Notice of Supplemental Authority filed. . Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd..(Kahn, Jordan) (Entered: 04/30/2021) |
| 05/14/2021 | 102 | Order entered on 5/14/2021, Slip opinion: 21-60. ORDERED that the Remand Redetermination be, and hereby is, sustained with respect to the assignment of a redetermined weighted average dumping margin of 16.78% to mandatory respondent Xugong and the assignment of a rate of 16.78% to separate rate respondents Full World, Qingdao Qihang, Trelleborg, and Zhongwei; it is further ORDERED that Commerce submit a second determination upon remand (Second Remand Redetermination) in which it reconsiders its decisions not to accord separate rate status to Aeolus and GTC and revises the antidumping duty rates applied to these respondents as may be required by its reconsideration of those decisions; it is further ORDERED that Commerce shall submit its Second Remand Redetermination within 90 days of the date of this Opinion and Order; it is further ORDERED that comments of plaintiffs on the Second Remand Redetermination must be filed with the court no later than 30 days after the filing of the Second Remand Redetermination; and it is further ORDERED that the response of defendant to the aforementioned comments must be filed no later than 15 days from the date on which the last comment is filed. (related document(s) 53 , 74 , 48 , 54 , 49 , 50 , 81 ).(Love, Cynthia) (Entered: 05/14/2021) |
| 06/10/2021 | 103 | Joint Motion to sever *and enter judgment*. Responses due by 7/15/2021. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP, Robert Kevin Williams of Clark Hill PLC on behalf of Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd., Trelleborg Wheel Systems (Xingtai) Co., Ltd., |

U.S. Court of International Trade (LIVE Database)

| | | |
|---|---|---|
| | | Weihai Zhongwei Rubber Co., Ltd., Xuzhou Xugong Tyres Co., Ltd.. (Attachments: # 1 Proposed Order) (Kahn, Jordan) Modified on 7/6/2021 (Chien, Jason). (Entered: 06/10/2021) |
| 07/06/2021 | 104 | Response to motion *To Sever and Enter Judgment, Or, In The Alternative, Motion, Out Of Time, For Extension Of Time* (related document(s) 103 ). Replies due by 7/27/2021. Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Attachments: # 1 Exhibit A)(Todor, John) (Entered: 07/06/2021) |
| 08/05/2021 | 105 | Consent Motion for extension of time until 9/10/2021 to *For The Department Of Commerce To File Remand Redetermination* (related document(s) 102 ). Responses due by 8/26/2021. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 08/05/2021) |
| 08/06/2021 | 106 | Order entered on 8/6/2021 granting Motion for extension of time (Related Doc # 105 ). ORDERED that the United States Department of Commerce shall file its remand redetermination on or before September 10, 2021. (Love, Cynthia) (Entered: 08/06/2021) |
| 09/07/2021 | 107 | Consent Motion for extension of time until 9/24/2021 to *For The Department Of Commerce To File Its Remand Redetermination* (related document(s) 102 , 106 ). Responses due by 9/28/2021. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 09/07/2021) |
| 09/08/2021 | 108 | Order entered on 9/8/2021 granting Motion for extension of time (Related Doc # 107 ). ORDERED that the United States Department of Commerce shall file its remand redetermination on or before September 24, 2021.(Love, Cynthia) (Entered: 09/08/2021) |
| 09/24/2021 | 109 | Confidential Remand results filed by U.S. Department of Commerce . Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 BPI Remand Results)(Keith, Paul) (Entered: 09/24/2021) |
| 09/24/2021 | 110 | Public Remand results filed by U.S. Department of Commerce . Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 Remand Results Public Version)(Keith, Paul) (Entered: 09/24/2021) |
| 10/07/2021 | 111 | Administrative record for U.S. Department of Commerce filed *regarding remand results*. Filed by Paul Kent Keith of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 Public Record Index, # 2 BPI Record Index, # 3 Declaration)(Keith, Paul) (Entered: 10/07/2021) |
| 10/11/2021 | 112 | Unopposed Motion for extension of time until 11/24/2021 to file brief *(Plaintiffs' Comments on Second Remand Redetermination)* (related document(s) 110 , 109 , 102 , 108 ). Responses due by 11/1/2021. Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 Proposed Order) (Kahn, Jordan) (Entered: 10/11/2021) |
| 10/12/2021 | 113 | Order entered on 10/12/2021 granting Motion for extension of time to file brief (Related Doc # 112 ). ORDERED that the Unopposed Motion for an Extension of Time to File Plaintiffs' Comments on Second Remand Redetermination is GRANTED; and it is further ORDERED that Plaintiffs' Comments on Second Remand Redetermination shall be filed on or before November 24, 2021. (Love, Cynthia) (Entered: 10/12/2021) |
| 11/24/2021 | 114 | Confidential Comments on remand results (related document(s) 110 , 109 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 11/24/2021) |

| 11/24/2021 | 115 | Public Comments on remand results (related document(s) 110 , 109 , 114 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 11/24/2021) |
| --- | --- | --- |
| 11/24/2021 | 116 | Confidential Comments on remand results (related document(s) 110 , 109 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 11/24/2021) |
| 11/24/2021 | 117 | Public Comments on remand results (related document(s) 110 , 109 , 116 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd.. (Kahn, Jordan) (Entered: 11/24/2021) |
| 12/06/2021 | 118 | Motion for extension of time until 1/14/2022 to *File Response to Comments on the Remand Redetermination* (related document(s) 115 , 116 , 102 , 114 , 117 ). Responses due by 12/27/2021. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 12/06/2021) |
| 12/07/2021 | 119 | Order entered on 12/7/2021 granting Motion for extension of time. (Related Doc # 118 ). ORDERED that defendant shall file its response to comments on the remand redetermination on or before January 14, 2022. (Love, Cynthia) (Entered: 12/07/2021) |
| 01/12/2022 | 120 | Consent Motion for extension of time until 1/21/2022 to *File Response To Comments On The Remand Redetermination* (related document(s) 115 , 116 , 114 , 117 ). Responses due by 2/2/2022. Filed by John J. Todor of U.S. Department of Justice on behalf of United States.(Todor, John) (Entered: 01/12/2022) |
| 01/13/2022 | 121 | Order entered on 1/13/2022 granting Motion for extension of time. (Related Doc # 120 ). ORDERED that defendant shall file its response to comments on the remand redetermination on or before January 21, 2022. (Love, Cynthia) (Entered: 01/13/2022) |
| 01/21/2022 | 122 | Confidential Reply to comments on remand results (related document(s) 115 , 116 , 114 , 117 ). Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Todor, John) (Entered: 01/21/2022) |
| 01/24/2022 | 123 | Public Reply to comments on remand results (related document(s) 115 , 116 , 122 , 117 ). Filed by John J. Todor of U.S. Department of Justice on behalf of United States. (Todor, John) (Entered: 01/24/2022) |
| 02/04/2022 | 124 | Confidential Joint Appendix *(Part I: Tabs 1-4)* (related document(s) 109 , 116 , 122 , 114 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Attachments: # 1 (Part II: Tabs 5-16))(Kahn, Jordan) (Entered: 02/04/2022) |
| 02/04/2022 | 125 | Joint Appendix -- *PUBLIC VERSION* (related document(s) 110 , 115 , 123 , 124 , 117 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd., Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd.. (Kahn, Jordan) (Entered: 02/04/2022) |
| 05/18/2023 | 126 | Order entered on 5/18/2023 denying Motion to sever. Based on the considerations discussed above, and the opinion of the court issued this day, the court will proceed to enter a judgment that will end this action as to all claims of all parties. Therefore, upon consideration of all papers and proceedings had herein, and with due deliberation, it is hereby ORDERED that the Motion to Sever be, and hereby is, dismissed as moot. (Related Doc # 103 ) (Hugh, Lewis) (Entered: 05/18/2023) |

8/7/23, 10:06 AM    U.S. Court of International Trade (LIVE Database)

| | | |
|---|---|---|
| 05/18/2023 | 127 | Order entered on 5/18/2023 Slip-Op. 23-79: Sustaining an agency decision issued in response to court order in litigation contesting results of an administrative review of an antidumping duty order on off-the-road tires from the People's Republic of China. Commerce applied a permissible methodology and reached findings supported by substantial evidence in determining that Aeolus and GTC did not qualify for separate rate status. Therefore, the court will enter judgment sustaining the Second Remand Redetermination. (related document(s) 110 , 109 , 126 , 103 ).(Hugh, Lewis) (Entered: 05/18/2023) |
| 05/18/2023 | 128 | Order entered on 5/18/2023 Judgment. Upon consideration of the "Second Remand Redetermination" issued by the International Trade Administration, U.S. Department of Commerce ("Commerce"), Final Results of Redetermination Pursuant to Ct. Remand (Sept. 24, 2021), ECF Nos. 109 (Conf.), 110 (Public), issued in response to the court's Opinion and Order in Guizhou Tyre Co. v. United States, 45 CIT __, 519 F. Supp. 3d 1248 (2021) (Guizhou II)", the "First Remand Redetermination," Final Results of Redetermination Pursuant to Ct. Remand (Oct. 10, 2019), ECF Nos. 74 (Conf.), 81 (Public), issued by Commerce in response to the court's opinion and order in Guizhou Tyre Co. v. United States, 43 CIT __, 389 F. Supp. 3d 1350 (2019) (Guizhou I") and all other filings and proceedings had herein, in conformity with the court's Order and with the court's Opinion, both issued this day, and upon due deliberation, it is hereby ORDERED that the Second Remand Redetermination be, and hereby is, sustained; it is further ORDERED that, in conformity with the court's Opinion and Order in Guizhou I and the First Remand Redetermination, the assignment of a redetermined weighted average dumping margin of 16.78% to Xuzhou Xugong Tyres Co., Ltd., Xuzhou Armour Rubber Co. Ltd., and Xuzhou Hanbang Tyre Co., Ltd. (collectively, "Xugong"), and the assignment of 16.78% rates to Qingdao Qihang Tyre Co., Ltd., Qingdao Free Trade Zone Full-World International Trading Co., Ltd, Trelleborg Wheel Systems (Xingtai) China, Co. Ltd., and Weihai Zhongwei Rubber Co., Ltd. be, and hereby are, sustained; and it is further ORDERED that the entries of merchandise that are at issue in this litigation shall be liquidated in accordance with the final and conclusive court decision in this action. (related document(s) 126 , 127 ) (Hugh, Lewis) (Entered: 05/18/2023) |
| 07/14/2023 | 129 | Notice of Appeal of judgment of 05/18/2023 filed. (related document(s) 128 , 102 , 68 , 127 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Guizhou Tyre Co., Ltd., Guizhou Tyre Import and Export Co., Ltd..(Kahn, Jordan) (Entered: 07/14/2023) |
| 07/14/2023 | 130 | Notice of Appeal of judgment of 05/18/2023 filed. (related document(s) 128 , 102 , 68 , 127 ). Filed by Jordan Charles Kahn of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Aeolus Tyre Co., Ltd..(Kahn, Jordan) (Entered: 07/14/2023) |
| 07/24/2023 | 131 | Appeal of *Plaintiffs Guizhou Tyre Co., Ltd. and Guizhou Tyre Import and Export Co., Ltd.* docketed on 7/24/2023 by the CAFC as appeal no. 2023-2163 (related document(s) 129 ). (Chien, Jason) Modified on 7/24/2023 (Chien, Jason). (Entered: 07/24/2023) |
| 07/24/2023 | 132 | Appeal of *Aeolus Tyre Co., Ltd.* docketed on 7/24/2023 by the CAFC as appeal no. 2023-2164 (related document(s) 130 ). (Chien, Jason) (Entered: 07/24/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/07/2023 07:39:04 | | |
| **PACER Login:** | jordankahn | **Client Code:** | 5611-14 |

8/7/23, 10:06 AM                              U.S. Court of International Trade (LIVE Database)

| Description: | Docket Report | Search Criteria: | 1:17-cv-00100-TCS |
|---|---|---|---|
| Billable Pages: | 24 | Cost: | 2.40 |

Appx230