2023-2163, 2023-2164

_____

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

GUIZHOU TYRE CO., LTD., GUIZHOU TYRE
IMPORT AND EXPORT CO., LTD., AEOLUS TYRE CO., LTD.,

Plaintiffs-Appellants,

QINGDAO FREE TRADE ZONE FULL-WORLD INTERNATIONAL
TRADING CO., LTD., XUZHOU XUGONG TYRES CO., LTD., QINGDAO
QIHANG TYRE CO., LTD., WEIHAI ZHONGWEI RUBBER CO., LTD.,

Plaintiffs,

v.

UNITED STATES,

Defendant-Appellee.

_____

Appeal from the United States Court of International Trade in
Consol. Court No. 17-cv-00100, Senior Judge Timothy C. Stanceu

_____

**RESPONSE OF DEFENDANT-APPELLEE TO MOTION
TO WAIVE REQUIREMENT FOR COMBINED BRIEF OR,
ALTERNATIVELY, TO SEVER CONSOLIDATED CASES, AND
FOR 14-DAY EXTENSION OF TIME TO FILE COMPLIANT BRIEF**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Federal

Circuit Rule 27, defendant-appellee, the United States, respectfully submits this

response to the motion to waive the requirement for a combined brief or,

alternatively, to sever consolidated cases, and for a 14-day extension of time to file

a compliant brief, filed by plaintiffs-appellants, Guizhou Tyre Co., Ltd., and

Guizhou Tyre Import and Expert Co., Ltd. (collectively, GTC), and Aeolus Tyre

Co., Ltd. (Aeolus). (collectively, plaintiffs).  *See* Pl. Mot., Nov. 6, 2023, ECF No.

25.  For the reasons stated below, the Court should deny plaintiffs' motion to

waive the briefing requirements, or to sever the cases.  The United States does not

oppose plaintiffs' motion for a 14-day extension of time to file a compliant brief.

## <u>INTRODUCTION</u>

This case arises from a consolidated appeal to the Court of International

Trade (CIT) from the Department of Commerce's final results in the seventh

administrative review of the antidumping duty order on off-the-road pneumatic

tires from the People's Republic of China.  Commerce applies a presumption that

all producers in nonmarket economy (NME) countries, such as China, are

controlled by the government and should be assigned a single, country-wide

antidumping duty rate.  If a producer rebuts the presumption of state control,

Commerce applies a separate rate based upon the company's own data.  GTC and

Aeolus, who are Chinese producers of off-the-road tires, challenged Commerce's

determination that they failed to rebut the presumption of state control and,

correspondingly, did not qualify for a separate rate.  After two remands to

Commerce, the CIT sustained Commerce's second remand redetermination that

denied GTC's and Aeolus's applications for separate rate status and entered judgment on May 18, 2023. *See* Judgment, *Guizhou Tyre Co., Ltd. v. United States*, No. 17-100 (Ct. Int'l Trade), May 18, 2023, ECF No. 128.

GTC and Aeolus, who are represented by the same counsel, filed appeals to this Court from the CIT's judgment on July 14, 2023. In their appeals to this Court, GTC and Aeolus both challenge Commerce's determination that they failed to rebut the presumption of state control to qualify for a separate rate in the antidumping proceeding, as opposed to being subject to the single China-wide antidumping duty rate.

On July 28, 2023, the Court, *sua sponte*, consolidated GTC's appeal (No. 23-2163) and Aeolus's appeal (No. 23-2164). *See* Order, July 28, 2023, ECF No. 2. The Court's order stated that, "The appeals are consolidated, and thus one set of briefs should be filed for both appeals." *Id.* at 2.

On October 27, 2023, GTC and Aeolus filed separate briefs, each at close to the 14,000 word limit for opening briefs. GTC and Aeolus did not file a motion to waive the briefing requirements, sever the cases, or to modify the word limit prior to filing their briefs. Also, prior to filing their briefs, plaintiffs sent counsel for the United States a designation of materials for the joint appendix, which counsel for the Government agreed to prior to the filing of plaintiffs' briefs. With their briefs, plaintiffs circulated to counsel for the United States the joint appendix documents.

3

On November 3, 2023, the clerk's office issued a notice stating that plaintiffs' briefs were not compliant with Federal Circuit Rule 28(i)(2), which requires parties represented by the same counsel to file a single brief, and ordered plaintiffs to file a single, compliant brief.  Plaintiffs filed their motion to waive the briefing requirements or to sever the cases on November 6, 2023.

## I.     The Court Should Deny Plaintiffs' Motion To Waive The Briefing Requirements

GTC and Aeolus request that the Court waive the briefing requirements and allow plaintiffs to file separate briefs.  *See* Pl. Mot. at 4-6.  GTC and Aeolus are represented by the same counsel.  Federal Circuit Rule 28(i)(2) provides that parties represented by the same counsel must file a single brief.  *See* Fed. Cir. R. 28(i)(2). ("When there are multiple parties represented by the same counsel or counsel from the same firm, a combined brief must be filed on behalf of all the parties represented by that counsel or firm.").  The Court's July 28, 2023 order also instructed GTC and Aeolus to file a single brief.  Plaintiffs did not file a motion to excuse this requirement before filing their briefs, and their motion does not justify their deviation from this procedure after the fact.

First, plaintiffs argue that their cases present distinct issues and are based upon distinct, company-specific facts submitted to Commerce.  *See* Pl. Mot. at 4. Commerce responded to GTC's and Aeolus's arguments in the same administrative determinations, however.  Similarly, the CIT consolidated GTC's

4

and Aeolus's appeals with those of other Chinese tire producers, and dealt with their arguments in the same opinions.  GTC and Aeolus also designated a joint appendix for the two appeals.  As such, GTC's and Aeolus's cases present substantial overlap in terms of the administrative records, and dividing the record for the purpose of appeal would be inefficient.

Second, GTC and Aeolus argue that the Court should waive the briefing requirements because both of their briefs were close to the 14,000 word limit for opening briefs.  *See* Pl. Mot. at 4-5.  Plaintiffs did not file a motion to exceed the word limits and have not explained why it would not be feasible for them to consolidate their arguments into one brief, particularly given the overlap between the records for the two cases.  Plaintiffs argue that combining their two briefs would "jumble" their presentation, *see* Pl. Mot. at 5, but do not explain why it would not be possible to present the arguments for each company in a single brief.

Third, GTC and Aeolus argue that a waiving of the briefing requirements is justified because of the business proprietary information (BPI) for each specific company discussed in their briefs.  *See* Pl. Mot. at 5-6.  GTC and Aeolus do not explain why they would be unable to discuss each company's BPI information effectively in a single brief, however.  GTC and Aeolus also argue that they would be prejudiced by filing a single brief because their individual briefs total more than the 50 words to be redacted in a single brief for BPI.  Counsel for plaintiffs do not

explain why they would be unable to comply with this limit.  The Court's rules

also permit parties to file a motion to exceed the BPI redaction limits if necessary.

*See* Fed. Cir. R. 25.1(d)(3).  Plaintiffs thus do not justify such a waiver.

Counsel for the United States informed counsel for GTC and Aeolus that the

United States would be amenable to a reasonable extension of the word limit for

their combined brief, but GTC and Aeolus have not made such a motion.  The

United States would also be prejudiced by being required to respond to two 14,000

briefs in a single 14,000 word brief, and should not be required to expend the

additional effort to draft responses to two 14,000 word briefs if the rules do not

require it.  The Court thus should deny plaintiffs' motion.

## II.     The Court Should Deny Plaintiffs' Motion To Sever

In the alternative, GTC and Aeolus argue that the Court should sever their

two cases and have them considered separately by the same merits panel.  The

Court should deny this motion because the Court's *sua sponte* decision to

consolidate the appeals was proper.  GTC's and Aeolus's cases were consolidated

before the CIT, and their appeals deal with the same judicial opinions that

reviewed the same administrative decisions by Commerce.  Accordingly,

consolidation was proper.  *See* Practice Notes to Federal Circuit Rule 12 ("When

more than one party appeals from the same trial court case, the appeals or cross-

appeals will usually be consolidated by the clerk of court."); Practice Notes to

Federal Circuit Rule 15 ("When more than one party appeals, cross-appeals, or petitions for review from rulings in the same underlying proceeding, the petitions or appeals will usually be consolidated by the clerk of court.").

Additionally, severing the two cases would impose administrative inefficiencies that would prejudice the United States. Prior to filing their briefs, GTC and Aeolus designated materials for a joint appendix for the consolidated appeal, and counsel for the United States reviewed and approved the proposed materials. If the Court were to sever the two cases, this would result in handling separate appendices for the two appeals, which would be inefficient given that the cases address the same underlying judicial decision and administrative determinations. It would also involve redundant effort by counsel for the United States in reviewing an additional set of record materials after having already reviewed the joint appendix proposed by GTC and Aeolus. The Court should avoid such an inefficient outcome by denying plaintiffs' motion.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny GTC's and Aeolus's motion to waive the briefing requirements, or, in the alternative, to sever. The Government does not oppose GTC's and Aeolus's motion for a 14-day extension of time to file a single, compliant brief.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director


/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director


/s/ John J. Todor:
JOHN J. TODOR
Senior Trial Counsel
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2382
Fax: (202) 514-8640
Email:  john.todor@usdoj.gov

November 16, 2023                    *Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS</u>

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned certifies that this brief contains 1,593 words (exclusive of caption and signature block) in Times New Roman, 14-point font, as calculated by the word processing system (Microsoft Word 365) used to prepare this brief.

/s/ John J. Todor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 16ʰ day of November, 2023, a copy of the foregoing "RESPONSE OF DEFENDANT-APPELLEE TO MOTION TO WAIVE REQUIREMENT FOR COMBINED BRIEF OR, ALTERNATIVELY, TO SEVER CONSOLIDATED CASES, AND FOR 14-DAY EXTENSION OF TIME TO FILE COMPLIANT BRIEF" was filed electronically.

This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/ John J. Todor